Robert A. Bailey (# 214688)
  rbailey@afrct.com
E. Christine Hehir (# 201969)
  chehir@afrct.com
ANGLIN, FLEWELLING, RASMUSSEN,
  CAMPBELL & TRYTTEN LLP
199 South Los Robles Avenue, Suite 600
Pasadena, California 91101-2459
Telephone:  (626) 535-1900
Facsimile:   (626) 577-7764

Attorneys for Defendant WELLS FARGO
BANK, N.A., successor by merger with
Wells Fargo Bank Southwest, N.A. formerly
known as Wachovia Mortgage, FSB
formerly known as World Savings Bank,
FSB ("Wells Fargo")

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA -- SAN FRANCISCO DIVISION

| | |
|---|---|
| PATRICIA SUN,<br><br>                  Plaintiff,<br><br>vs.<br><br>WELLS FARGO BANK, NATIONAL<br>ASSOCIATION; and DOES 1-100, Inclusive,<br><br>                  Defendants. | CASE NO.:  3:14-CV-00063-EDL<br><br>[The Honorable Elizabeth D. Laporte]<br><br>**WELLS FARGO'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Hearing<br><br>Date:     February 25, 2014<br>Time:     9:00 a.m.<br>Ctrm:     E, 15th  Floor |

**TO THIS HONORABLE COURT AND PLAINTIFF THROUGH HER COUNSEL OF**

**RECORD HEREIN:**

　　　　**PLEASE TAKE NOTICE** that on **February 25, 2014, at 9:00 a.m.** in **Courtroom E,**

**15th Floor** of the above-captioned court located at 450 Golden Gate Avenue, San Francisco,

California, the Honorable Elizabeth D. Laporte presiding, Defendant WELLS FARGO BANK,

N.A., successor by merger with Wells Fargo Bank Southwest, N.A., formerly known as

1   Wachovia Mortgage, FSB formerly known as World Savings Bank, FSB ("Wells Fargo") will

2   move for an Order dismissing the Complaint.

3          Grounds for the motion to dismiss, brought pursuant to Federal Rules of Civil

4   Procedure 12(b)(6) and (9) are:  Plaintiff fails to plead required elements, fails to plead the

5   elements with the required specificity and each claim is federally preempted by the Home

6   Owner's Loan Act ("HOLA").

7          This motion is based on this notice, the memorandum of points and authorities, the

8   request for judicial notice filed concurrently herewith, any reply, the court file, and on

9   defendant's argument submitted at the hearing, if any.

10                                             Respectfully submitted,

11  Dated:  January 21, 2014                   ANGLIN, FLEWELLING, RASMUSSEN,
                                               CAMPBELL & TRYTTEN LLP
12
                                               By:  _/s/ E. Christine Hehir_____
13                                                  E. Christine Hehir
                                                   chehir@afrct.com
14                                             Attorneys for Defendant WELLS FARGO BANK,
                                               N.A., successor by merger with Wells Fargo Bank
15                                             Southwest, N.A. formerly known as Wachovia
                                               Mortgage, FSB formerly known as World Savings
16                                             Bank, FSB ("Wells Fargo")

17

18

19

20

21

22

23

24

25

26

27

28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

# TABLE OF CONTENTS

Page

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................1

1.    INTRODUCTION ..............................................................................................................1

2.    RELEVANT ALLEGATIONS AND JUDICIALLY-NOTICEABLE FACTS..................1

    A.    Plaintiff's Loan .....................................................................................................1

    B.    The Complaint ......................................................................................................1

3.    A NUMBER OF PLAINTIFF'S CLAIMS ARE PREEMPTED BY HOLA.....................2

    A.    World Savings Was A Federally Chartered Federal Savings Bank, Operating Under HOLA At The Time Of Loan Origination....................................2

    B.    OTS Regulations Under HOLA Preempt State Laws Affecting Lending ..............3

    C.    Federal Regulations, The Loan Contracts And Prevailing Case Law Confirm That HOLA Preemption Applies Post Merger ......................................3

        i.    The OTS Has Interpreted § 560.2 To Mean That HOLA Preemption Attaches To And Survives The Transfer Of A FSB-Originated Loan ........................................................................................3

        ii.    Plaintiff Agreed Her Loan Would Be Governed By HOLA, Whether It Was Held By The Originating FSB Or Someone Else ..............5

    D.    State Laws Preempted By HOLA ..........................................................................6

    E.    The Application of HOLA Preempts Plaintiff's State Law Claims.........................7

        i.    Plaintiff's Claims Concerning the Loan Modification Efforts Are Preempted ......................................................................................................7

        ii.    Plaintiff's § 2923.5 Claim Is Preempted...........................................................7

        iii.    Plaintiff's Claims Based On Violations Of HBOR Are Preempted ...........8

4.    PLAINTIFF'S BREACH OF THIRD-PARTY CONTRACT CLAIM FAILS ...............11

5.    THE CONSTRUCTIVE FRAUD CLAIM FAILS FOR A VARIETY OF REASONS .......................................................................................................................12

    A.    Plaintiff Fails To Plead Wells Fargo Owed Her A Fiduciary Duty......................13

    B.    Plaintiff Fails To Plead The Remaining Elements Of Constructive Fraud...........13

6.    PLAINTIFF CANNOT PREVAIL ON HER CLAIM UNDER CIVIL CODE § 2923.5.........................................................................................................................15

7.    PLAINTIFF'S CLAIMS UNDER HBOR FAIL FOR A NUMBER OF REASONS .......................................................................................................................16

    A.    The HBOR Is Not Retroactive ............................................................................16

    B.    Wells Fargo Is In Compliance With The National Mortgage Settlement And Is Therefore Protected Under The Safe Harbor Provisions Of Civil Code § 2924.12 ................................................................................................16

    C.    Plaintiff Cannot State A Claim For Violation of Civil Code § 2923.6..................17

        i.    A Lender Has No Duty To Modify A Loan...............................................17

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ii.     Plaintiff Fails To Comply With The Statute Concerning "Dual Tracking" ................................................................18

D.      Plaintiff Fails To Allege a Violation of Civil Code § 2923.7 ...............................18

8.      PLAINTIFF'S SIXTH CLAIM FOR PROMISSORY ESTOPPEL FAILS.....................19

9.      THE SEVENTH CLAIM FOR NEGLIGENCE FAILS ................................................20

10.     THE CLAIM FOR NEGLIGENT MISREPRESENTATION IS ALSO FLAWED.........22

11.     THE BUSINESS AND PROFESSIONS CODE § 17200 CLAIM FAILS AS WELL ...........................................................................................................................22

12.     PLAINTIFF CANNOT OBTAIN INJUNCTIVE RELIEF WITHOUT HER TENDER ...........................................................................................................................23

13.     CONCLUSION..................................................................................................................23

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Argueta v. J.P. Morgan Chase*,
2011 U.S. Dist. LEXIS 70756 (E.D. Cal. June 30, 2011)........................................21

*Armstrong v. Chevy Chase Bank, FSB*,
2012 U.S. Dist. LEXIS 144125 (N.D. Cal. Oct. 3, 2012)........................................21

*Arvizu v. GMAC Mortgage, LLC*,
2010 U.S. Dist. LEXIS 110396 (E.D. Cal. Oct. 18, 2010) ....................................17

*Auer v. Robbins*,
519 U.S. 452 (1997)........................................................................................4

*Babb v. Wachovia Mortg.*,
FSB, 2013 U.S. Dist. LEXIS 106228 (C.D. Cal. July 26, 2013) ..............................6

*Biggins v. Wells Fargo & Co.*,
266 F.R.D. 399 (N.D. Cal. 2009)........................................................................7

*Cabanilla v. Wachovia Mortg.*,
2012 U.S. Dist. LEXIS 39270 (C.D. Cal. Mar. 20, 2012) ....................................19

*County of Santa Clara v. Astra USA, Inc.*
588 F. 3d 1237 (9th Cir. 2009) ........................................................................11

*DeLeon v. Wells Fargo Bank, N.A.*,
2010 U.S. Dist. LEXIS 112941 (N.D. Cal. Oct. 22, 2010)....................................21

*DeLeon v. Wells Fargo Bank, N.A.*,
729 F. Supp. 2d 1119 (N.D. Cal. 2010) ............................................................7

*Ditto v. McCurdy*,
520 F. 3d 1070 (9th Cir. 2007) ........................................................................22

*Dooms v. Fed. Home Loan Mortg. Corp.*,
2011 U.S. Dist. LEXIS 38550 (E.D. Cal. Mar. 30, 2011) ....................................21

*Escobedo v. Countrywide Home Loans, Inc.*,
2009 U.S. Dist. LEXIS 117017 (S.D. Cal. Dec. 15, 2009)................................11, 12

*Ferchau v. CitiMortgage, Inc.*,
2014 U.S. Dist. LEXIS 244 (N.D. Cal. Jan. 2, 2014) ..........................................12

*Fidelity Fed. Sav. & Loan Ass'n v. de la Cuesta*,
458 U.S. 141 (1982)........................................................................................4

*Gabali v. OneWest Bank, FSB,*
 2013 U.S. Dist. LEXIS 47193, 2013 WL 1320770 (N.D. Cal. March 29, 2013) .................... 9

*Gilmore v. Am. Mortg. Network, Inc.,*
 2012 U.S. Dist. LEXIS 176194 (C.D. Cal. Dec. 10, 2012) ...................................................... 13

*Giordano v. Wachovia Mortg., FSB,*
 2010 U.S. Dist. LEXIS 136284 (N.D. Cal. Dec. 14, 2010) ...................................................... 8

*Glen Holly Entertainment, Inc. v. Tektronix, Inc.,*
 100 F. Supp. 2d 1086 (C.D. Cal. 1999) .................................................................................... 13

*Gonzales v. Wells Fargo Bank, N.A.,*
 2012 U.S. Dist. LEXIS 154851 (N.D. Cal. Oct. 29, 2012) ...................................................... 21

*Gonzalez v. Alliance Bancorp,*
 2010 U.S. Dist. LEXIS 47943 (N.D. Cal. Apr. 19, 2010) ........................................................ 8

*Gorton v. Wells Fargo Bank, N.A.,*
 2012 U.S. Dist. LEXIS 168158 (C.D. Cal. Nov. 27, 2012) .................................................. 3, 8

*Guglielmelli v. Wells Fargo Bank, N.A.*
 2013 U.S. Dist. LEXIS 43063 (C.D. Cal. Mar. 26, 2013) ...................................................... 16

*Hayes v. Wells Fargo Bank, N.A.,*
 2013 U.S. Dist. LEXIS 115435 (N.D. Cal. Aug. 12, 2013) ...................................................... 3

*Hoffman v. Bank of America, N.A.,*
 2010 U.S. Dist. LEXIS 70455 (N.D. Cal. June 30, 2010) ........................................................ 17

*Kaplan v. Wells Fargo Bank, N.A.,*
 2013 U.S. Dist. LEXIS 109023 (C.D. Cal. July 30, 2013) .................................................... 3, 9

*Klamath Water Users Protective Ass'n v. Patterson,*
 204 F. 3d 1206 (9th Cir. 2000) ......................................................................................... 11, 12

*Long Island Care at Home, Ltd. v. Coke,*
 551 U.S. 158 (2007) ................................................................................................................ 4

*Lothlen v. Wells Fargo Bank, N.A.,*
 2013 U.S. Dist. LEXIS 169294 (N.D. Cal. Nov. 26, 2013) ...................................................... 3

*Marquez v. Wells Fargo Bank, N.A.,*
 2013 U.S. Dist. LEXIS 131364 (N.D. Cal. Sept. 13, 2013) .................................................. 6, 9

*Mata v. Wells Fargo Bank, N.A.,*
 2013 U.S. Dist. LEXIS 108197 (C.D. Cal. July 31, 2013) ...................................................... 6

*Meyer v. Wells Fargo Bank, N.A.,*
 2013 U.S. Dist. LEXIS 172418 (N.D. Cal. Dec. 6, 2013) ...................................................... 12

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

*Moore v. Kayport Package Express, Inc.*,
    885 F.2d 531 (9th Cir. 1989) ...................................................................13, 14

*Murillo v. Aurora Loan Servs., LLC*,
    2009 U.S. Dist. LEXIS 61791 (N.D. Cal. July 17, 2009)........................................8

*Nguyen v. Wells Fargo Bank, N.A.*,
    749 F. Supp. 2d 1022 (N.D. Cal. 2010) ...................................................8, 22

*Nong v. Wells Fargo Bank, N.A.*,
    2010 U.S. Dist. Lexis 136464 (C.D. Cal. 2011) ...........................................20

*Odinma v. Aurora Loan Services*,
    2010 U.S. Dist. LEXIS 28347 (N.D. Cal. Mar. 23, 2010)........................................8

*Parcray v. Shea Mortg., Inc.*,
    2010 U.S. Dist. LEXIS 40377 (E.D. Cal. Apr. 23, 2010)........................................8

*Pinales v. Quality Loan Service Corp.*,
    2010 U.S. Dist. LEXIS 2114 (S.D. Cal. Sept. 22, 2010)........................................8

*Quintero Family Trust v. OneWest Bank, F.S.B.*,
    2010 U.S. Dist. LEXIS 63659 (S.D. Cal. June 25, 2010)........................................7

*Reyes v. Saxon Mortgage Services, Inc.*,
    2009 U.S. Dist. LEXIS 125235 (S.D. Cal. Nov. 5, 2009) ......................................12

*Sato v. Wachovia Mortg., FSB*,
    2011 U.S. Dist. LEXIS 75418 (N.D. Cal. July 13, 2011).....................................7, 9

*Silvas v. E*Trade Mortg. Corp.*,
    514 F.3d 1001 (9th Cir. 2008) .................................................................3, 4

*Speleos v. BAC Home Loans Servicing, L.P.*,
    755 F. Supp. 2d 304 (D. Mass. 2010) ........................................................12

*Terrazas v. Wells Fargo Bank, N.A.*,
    2013 U.S. Dist. LEXIS 153046 (S.D. Cal. Oct. 23, 2013) ......................................3

*Villa v. Wells Fargo*,
    2010 U.S. Dist. LEXIS 23741 ..............................................................11, 12

*Vinal v. Wells Fargo Bank, N.A.*,
    2011 U.S. Dist. LEXIS 103013 (N.D. Cal. Sept. 13, 2011) ....................................7

*Winterbower v. Wells Fargo Bank, N.A.*,
    2013 U.S. Dist. LEXIS 44087 (C.D. Cal. Mar. 27, 2013)......................................16

*Wool v. Tandem Computers, Inc.*,
    818 F.2d 1433 (9th Cir. 1987) ................................................................14

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

*Young v. World Sav. Bank, FSB*,
    2011 U.S. Dist. LEXIS 143481 (S.D. Cal. Dec. 13, 2011)........................................................7

**STATE CASES**

*Abdallah v. United Savings Bank*,
    43 Cal. App. 4th 1101 (1996) .........................................................................................23

*Alliance Mortg. Co. v. Rothwell*,
    19 Cal. App. 4th 1226 (1995) .........................................................................................14

*Aspiras v. Wells Fargo Bank, N.A.*,
    219 Cal. App. 4th 948 (2013)......................................................................................13, 21

*Blatt v. University of So. California*,
    5 Cal. App. 3d 935 (1970) ..............................................................................................19

*Cicone v. URS Corp.*,
    183 Cal. App. 3d 194 (1986) ...........................................................................................22

*Clayworth v. Pfizer, Inc.*,
    49 Cal. 4th 758 (2010) ....................................................................................................22

*Eddy v. Sharp*,
    199 Cal. App. 3d 858 (1988) ...........................................................................................21

*Farmers Ins. Exch. v. Super. Ct.*,
    2 Cal. 4th 377 (1992) ......................................................................................................22

*Gaffney v. Downey Sav. & Loan*,
    200 Cal. App. 3d 1154 (1988) .........................................................................................23

*Gray1 CPB, LLC v. Kolokotronis*,
    202 Cal. App. 4th 480 (2011) ...........................................................................................6

*Houge v. Ford*,
    44 Cal. 2d 706 (1955) .......................................................................................................6

*Jolley v. Chase Home Finance, LLC*,
    213 Cal. 4th 872 (2013) ..................................................................................................13

*Laks v. Coast Fed. Sav. & Loan Ass'n*,
    60 Cal. App. 3d 885 (1976) .............................................................................................19

*LiMandri v. Judkins*,
    52 Cal. App. 4th 326 (1997) ...........................................................................................21

*Lopez v. World Savs. & Loan Ass'n*,
    105 Cal. App. 4th 729 (2003) ...........................................................................................3

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

*Mabry v. Superior Court,*
  185 Cal. App. 4th 208 (2010) ....................................................................... passim

*Mendoza v. City of Los Angeles,*
  66 Cal. App. 4th 1333 (1998) ..................................................................................20

*Myers v. Philip Morris Co.s Inc.,*
  28 Cal. 4th 828 (2002) ...........................................................................................16

*Nymark v. Heart Fed. Savs. & Loan Ass'n,*
  231 Cal. App. 3d 1089 (1991) ................................................................................13

*Odorizzi v. Bloomfield Sch. Dist.,*
  246 Cal. App. 2d 123 (1966) ..................................................................................13

*Perlas v. GMAC Mortg., LLC,*
  187 Cal. App. 4th 429 (2010) .................................................................................13

*Price v. Wells Fargo Bank,*
  213 Cal.App.3d 465 (1989) ....................................................................................13

*Rauer's Law etc. Co. v. S. Proctor Co.,*
  40 Cal. App. 524 (1919) .........................................................................................23

*Small v. Fritz Companies, Inc.,*
  30 Cal. 4th 167 (2003) ...........................................................................................22

*Smith v. City & County of San Francisco,*
  225 Cal. App. 3d 38 (1990) ....................................................................................19

*Software Design and Application Ltd. v. Hoeffer & Arnolt Inc.,*
  49 Cal. App. 4th 472 (1996) ...................................................................................20

*Stebley v. Litton Loan Servicing, LLP*
  202 Cal. App. 4th 522 (2011) ...........................................................................10, 23

*Weiss v. Washington Mutual Bank,*
  147 Cal. App. 4th 72 (2007) .....................................................................................3

*Wilhelm v. Pray, Price, Williams & Russell,*
  186 Cal. App. 3d 1324 (1986) ...........................................................................12, 14

**FEDERAL STATUTES**

12 U.S.C. § 1461, *et seq.*............................................................................... passim

**STATE STATUTES**

Cal. Bus. & Prof. Code § 17200 .......................................................................2, 7, 22

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

Cal. Bus. & Prof. Code § 17204 ...................................................................................22

Cal. Civ. Code § 2923.4 ......................................................................................16, 17

Cal. Civ. Code § 2923.5 ...................................................................................... passim

Cal Civ. Code §§ 2923.5 and 2923.6 ...............................................................................17

Cal Civ. Code §§ 2923.5, 2923.55, 2923.6, 2923.7 2924.11 ...........................................8

Cal Civ. Code §§ 2923.5(a)(2) & 2923.5(g) ...................................................................17

Cal. Civ. Code § 2923.6 ..............................................................................2, 9, 17

Cal. Civ. Code §§ 2923.6 and 2923.7 ...............................................................................8

Cal. Civ. Code § 2923.6(c) ...............................................................................................18

Cal. Civ. Code § 2923.7 ..............................................................................2, 9, 18

Cal. Civ. Code § 2924 .........................................................................................................8

Cal. Civ. Code § 2924.10(a) .............................................................................................18

Cal. Civ. Code § 2924.10(b) .............................................................................................18

Cal. Civ. Code § 2924.12 ..................................................................................................16

Cal. Civ. Code § 2924.12(i) ..............................................................................................10

Cal Civ. Code §§ 2924.12, 2924.17 ..................................................................................10

Cal. Civ. Code § 2924.12(b) .............................................................................................10

Cal. Civ. Code § 2924.12(g) .............................................................................................16

Cal Civ. Code § 2924.12, § 2923.6 ...................................................................................16

Cal. Civ. Code § 2924.17 ..................................................................................................10

Cal. Civ. Code § 2924.17(c) .............................................................................................10

Cal. Civ. Code § 2924g .....................................................................................................15

**RULES**

Fed. R. Civ. P. 8 ................................................................................................................12

Fed. R. Civ. P. 9(b) .....................................................................................................13, 14

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

**REGULATIONS**

12 C.F.R. § 545.2 ...............................................................................................3

12 C.F.R. § 560.2 .........................................................................................3, 4, 6

12 C.F.R. § 560.2(b) .......................................................................................3, 9

12 C.F.R. § 560.2(b)(4) ...............................................................................6, 7, 8

12 C.F.R. § 560.2(b)(10) ..................................................................................7, 8

61 Fed. Reg. 50951, 50966-67 (Sept. 30, 1996) .............................................3

In Opinion Letter No. P-2003-5 (July 22, 2003) ("2003 OTS Opinion")........................4

**CONSTITUTIONAL PROVISIONS**

Bill of Rights.....................................................................................................8

**OTHER AUTHORITIES**

OCC 2011-47, OTS Integration Letter (Dec. 8, 2011) ....................................4

*Restatement (Second) of Contracts* § 302 (1979) ..........................................11

ix

**MEMORANDUM OF POINTS AND AUTHORITIES**

## 1.   INTRODUCTION

This action arises from a secured refinance loan made to plaintiff in 2007, plaintiff's July 2011 default and the commencement of foreclosure proceedings in December 2012.  The noticed foreclosure sale has not been completed.

Plaintiff cannot prevail on any of her challenges to the foreclosure.  She fails to plead facts sufficient for her claims, the claims are federally preempted under the Home Owners' Loan Act ("HOLA") and she fails to allege tender of her debt.  Nor can plaintiff cure these pleading deficiencies.  As such, the complaint should be dismissed in its entirety.

## 2.   RELEVANT ALLEGATIONS AND JUDICIALLY-NOTICEABLE FACTS

**A.   Plaintiff's Loan**

On or about March 2007, plaintiff obtained a refinance loan in the amount of $538,500.00 from Wells Fargo's predecessor (World Savings Bank, FSB ("World Savings")) pursuant to a written promissory note that was secured by a deed of trust on real property commonly described as 794 Wildcat Canyon Road, Berkeley, California 95472.  (Complaint ("Compl.") ¶¶1, 27; RJN Exh. A & B).  World Savings changed its name to Wachovia Mortgage, FSB in January, 2008.  It underwent a second name change to Wells Fargo Bank Southwest, N.A. before merging into Wells Fargo Bank, N.A. in November, 2009.  (*See* Request for Judicial Notice ("RJN") Exhs. C through G).

In or about July 2011, plaintiff defaulted on her loan after experiencing financial difficulties.  (Compl. ¶29).  As the default was not cured, a Notice of Default ("NOD") was recorded in December 2012 stating arrearages of $56,265.20.  (¶30; RJN Exh. H [recorded NOD]).  A substitution of trustee was recorded in June 2010, substituting NDEx West, LLC as the trustee under the deed of trust.  (RJN, Exh. I [recorded Substitution of Trustee]).  NDEx West recorded a Notice of Trustee's Sale in November 2013, noticing a December 5, 2013 sale.  (*See* ¶31; RJN Exh. J [recorded Notices of Trustee Sale]). The sale has not been completed.

**B.   The Complaint**

Plaintiff alleges Wells Fargo: (1) failed to provide plaintiff with a good faith review of

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

her loan modification application when Wells Fargo knows she qualifies for a loan modification, but instead, is selling the property (Compl. ¶40 [breach of contract]); (2) falsely promised it would review her application for a loan modification, but failed to do so because it recorded a Notice of Trustee sale (¶45(2) [fraud]; ¶76(1) [negligent misrepresentation]); (3) failed to review her application properly or in good faith, disregarded that plaintiff's hardship was shortly to end in failing to provide assistance (¶¶55, 57 [Cal. Civ. Code[1] § 2923.6]), and recorded a NOD before making a decision on her loan modification application (¶61 [§ 2923.7]); (4) promised a modification was forthcoming, but failed to provide one (¶67(1) [promissory estoppel]); and (5) delayed making a decision on the loan modification application (*see* ¶71(1) [negligence]). According to plaintiff, she relied on Wells Fargo's duties and promises and did not seek remedies elsewhere to save her home or offer obstacles to foreclosure.  (¶¶58, 67(2), 76(3)).

Plaintiff also alleges Wells Fargo violated former § 2923.5.  Wells Fargo did not contact her to discuss alternatives to foreclosure thirty days prior to recording the NOD (Compl. ¶50) and the declaration attached to the NOD was not signed under penalty of perjury and did not state where it was signed rendering the NOD void.  (¶49).

Based on these allegations, plaintiff asserts claims for (1) Breach of Contract; (2) Constructive Fraud; (3) Violation of § 2923.5; (4) Violation of § 2923.6; (5) Violation of § 2923.7; (6) Promissory Estoppel; (7) Negligence; (8) Negligent Misrepresentation; and (9) Violation of Business & Professions Code § 17200.  Not a single claim has merit.

### 3.  A NUMBER OF PLAINTIFF'S CLAIMS ARE PREEMPTED BY HOLA

First and foremost, a number of plaintiff's claims for relief are preempted by the federal Home Owners' Loan Act, 12 U.S.C. 1461 *et seq.* ("HOLA").

### A.  World Savings Was A Federally Chartered Federal Savings Bank, Operating Under HOLA At The Time Of Loan Origination

Plaintiff obtained the loan in 2007 when World Savings was a federally chartered savings association regulated by the Office of Thrift Supervision ("OTS").  (*See* RJN Exh. A, B, E [true

---

[1]  All further statutory references are to the California Civil Code unless otherwise noted.

1  and correct copy of a letter from the OTS identifying World Savings Bank, FSB, known later as

2  Wachovia Mortgage, FSB, as a federal savings bank]).  As an FSB, World Savings was

3  organized and operated under HOLA.  12 U.S.C. § 1461, *et seq.*  (RJN Exh. F - Section 4).

4  **B.**    **OTS Regulations Under HOLA Preempt State Laws Affecting Lending**

5         OTS regulations issued under HOLA are "intended to preempt all state laws purporting to

6  regulate any aspect of the lending operations of a federally chartered savings association,

7  whether or not the OTS has adopted a regulation governing the precise subject of the state

8  provision."  *Lopez v. World Savs. & Loan Ass'n*, 105 Cal. App. 4th 729, 738 (2003); *see also* 12

9  C.F.R. § 545.2.  Preemption analysis under HOLA is simple under the OTS Final Rule at 61 Fed.

10  Reg. 50951, 50966-67 (Sept. 30, 1996).  Step one determines whether the type of state law at

11  issue appears on the list set forth in 12 C.F.R. § 560.2(b).  If the type of state law in question

12  appears on the list, the analysis ends there and the law is preempted.  There is no step two.  As

13  the Ninth Circuit observed in *Silvas v. E\*Trade Mortg. Corp.*, 514 F.3d 1001, 1004-05 (9th Cir.

14  2008), the OTS's construction of its own regulation 560.2 "must be given controlling weight."

15  The court declared any presumption against preemption does not apply to HOLA, and any doubt

16  should be resolved in favor of preemption.  *Id.*  Any doubt should be resolved in favor of

17  preemption.  *Weiss v. Washington Mutual Bank*, 147 Cal. App. 4th 72, 76-77 (2007).

18  **C.**    **Federal Regulations, The Loan Contracts And Prevailing Case Law[2] Confirm That**

19         **HOLA Preemption Applies Post Merger**

20         **i.**    **The OTS Has Interpreted § 560.2 To Mean That HOLA Preemption**

21               **Attaches To And Survives The Transfer Of A FSB-Originated Loan**

22         Courts must give deference to a federal agency's reasonable interpretation of its own

---

[2]  *See Terrazas v. Wells Fargo Bank, N.A.*, 2013 U.S. Dist. LEXIS 153046, \*9 (S.D. Cal. Oct. 23, 2013) (HOLA "applied to conduct by a [non-HOLA-chartered] successor entity that occurs *after* a federal savings bank merges with a national bank, where the loan was originated with a federal savings bank *before* the merger."); *see also Lothlen v. Wells Fargo Bank, N.A.,* 2013 U.S. Dist. LEXIS 169294 (N.D. Cal. Nov. 26, 2013); *Hayes v. Wells Fargo Bank, N.A.*, 2013 U.S. Dist. LEXIS 115435, \*13 (N.D. Cal. Aug. 12, 2013) ("Preliminarily, HOLA applies to this case even though Wells Fargo  is not a federal savings association, because Plaintiff's loan originated with a federal savings bank, World Savings Bank"); *Kaplan v. Wells Fargo Bank, N.A.*, 2013 U.S. Dist. LEXIS 109023, \*7, n.2 (C.D. Cal. July 30, 2013); *Gorton v. Wells Fargo Bank, N.A.*, 2012 U.S. Dist. LEXIS 168158, \*12 (C.D. Cal. Nov. 27, 2012).

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1    regulations.  *Auer v. Robbins*, 519 U.S. 452, 461 (1997).  This interpretation controls unless it is

2    plainly erroneous or inconsistent with the regulations.  *Long Island Care at Home, Ltd. v. Coke*,

3    551 U.S. 158, 170-71 (2007).  The OTS' interpretation of 12 C.F.R. § 560.2, as expressed in its

4    interpretive letters, "must be given controlling weight."  *Silvas,* 514 F.3d at 1005.

5           In Opinion Letter No. P-2003-5 (July 22, 2003) ("2003 OTS Opinion"), the OTS was

6    asked whether HOLA preempted a state consumer law.  The OTS was specifically asked

7    "whether purchasers or assignees of loans originated by federal savings associations would be

8    subject to claims and defenses that would not apply to the federal savings association that

9    originated the loans."  (RJN Exh. K at 7). [3]  The OTS answered that such purchasers and

10   assignees would be "subject *only to the same claims and defenses that would apply to the federal*

11   *savings association that originated the loan.*"  (*Id.* at 1 (emphasis added)).  It found:

12          This result would be consistent with the general principle that **loan terms should
             not change simply because an originator entitled to federal preemption may**
13          **sell or assign a loan to an investor that is not entitled to federal preemption**[.]

      *Id*. at 7, n.18 (emphasis added).  This conclusion is consistent with Congress' mandate that

14   HOLA exclusively and comprehensively preempts the field.  *Fidelity Fed. Sav. & Loan Ass'n v.*

15   *de la Cuesta*, 458 U.S. 141, 153 (1982).  It relied on, and is consistent with, an earlier opinion of

16   the OTS' predecessor agency:

17          [S]uch preemption would exist regardless of whether the loans in question are
             sold by the federal association to a third party, are being serviced by a third party,
18          or whether the escrow deposits are held at a federal association while the loans
             have been sold in the secondary market.
19

20   (RJN Exh. O (Op. Gen. Counsel, FHLBB (Aug. 13, 1985))).

21          These regulatory letters leave no doubt that if an originating FSB is not subject to a state

22   law claim because of HOLA preemption, then an assignee or purchaser of the loan also is not

23   subject to that claim because of HOLA preemption.  The agencies' interpretation of § 560.2 must

24   be given deference, and thus, Wells Fargo must be allowed to assert HOLA preemption to the

25

26   _____
     [3]   The OTS' post-Dodd-Frank successor, the Office of Currency Comptroller ("OCC"),
27   announced that OTS' interpretations shall remain in effect unless specifically rescinded or
     modified, and that rescinded documents will be watermarked as such.  (RJN Exh. L (OCC 2011-
28   47, OTS Integration Letter (Dec. 8, 2011)). The 2003 OTS Opinion has not been watermarked as
     rescinded and, therefore, remains controlling.  (RJN Exhs. M, N).

1   same extent as the predecessor FSB.

2       ii.      **Plaintiff Agreed Her Loan Would Be Governed By HOLA, Whether It Was**

3                **Held By The Originating FSB Or Someone Else**

4       The federal regulators' directive that "loan terms should not change simply because" the

5   loan is sold or otherwise transferred is consistent with the loan contract.  By signing the deed of

6   trust, plaintiff conferred certain rights on both World Savings ***and*** other entities falling within the

7   definition of "Lender:"

8           [B]y signing this Security Instrument,  **I am giving Lender . . . those rights that**
            **are stated in this Security Instrument** and also those rights that the law gives to
9           Lenders who are beneficiaries of a deed of trust . . . .  I am giving
            Lender . . . these rights to protect Lender from possible losses that might result if I
10          fail to:  . . . (iii) keep all of my other promises and agreements under this Security
            Instrument [and] the Secured Notes . . .

11

12  (RJN Exh. B at 2 ¶II (emphasis added)).

13      "Lender" is defined in the note as "WORLD SAVINGS BANK, FSB, a FEDERAL

14  SAVINGS BANK, ITS SUCCESSORS AND/OR ASSIGNEES, or anyone to whom the note is

15  transferred." (RJN Exh. A ¶1; *id.* Exh. B ¶1(C) (deed of trust defines "Lender" as WORLD

16  SAVINGS BANK, FSB, ITS SUCCESSORS AND/OR ASSIGNEES)).  Plaintiff thus knew that

17  the loan might change hands, either because the loan or World Savings itself might be sold.  In

18  such event, she agreed that "any Person who takes over Lender's rights or obligations under this

19  Security Instrument will have all of Lender's rights . . . ."  (RJN Exh. C at 8 ¶11).

20      The "Lender's rights or obligations under this Security Agreement" included plaintiff's

21  agreement that the "governing law" would include "federal law and federal rules and regulations

22  including those for federally chartered savings institutions . . .":

23          GOVERNING LAW; SEVERABILITY.  [¶]  This Security Instrument and the
            Secured notes shall be governed by and construed under federal law and federal
24          rules and regulations, including those for federally chartered savings institutions
            ("Federal Law") . . . .

25

26  (RJN Exh. B (deed of trust) at 9 ¶15 (emphasis omitted); *see also id.* Exh. A (note) at 5 ¶13

27  ("This Note shall be governed by and construed under federal law and federal rules and

28  regulations including those for federally chartered savings institutions, called 'Federal Law.'").

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   When plaintiff signed these instruments, "Federal Law" included HOLA, its regulations, and

2   § 560.2.  Neither instrument contains language suggesting that HOLA would cease to "govern[]"

3   (and accordingly that the contract would be rewritten) if a non-FSB became the "Lender."

4   The "object and meaning of the parties' contract must be determined by their intent at the

5   time of its execution . . . ."  *Houge v. Ford*, 44 Cal. 2d 706, 713 (1955).  Here, plaintiff agreed

6   that anyone qualifying as a "Lender" would have the right to assert World Savings' contractual

7   rights, including the governing law provision.  Wells Fargo is, undisputedly, now the "Lender."

8   A finding that Wells Fargo cannot assert HOLA would defy the time-honored rule that courts

9   must give force and effect to every clause in the contract.  *Gray1 CPB, LLC v. Kolokotronis*, 202

10  Cal. App. 4th 480, 487 (2011).

11  In *Mata v. Wells Fargo Bank, N.A.*, 2013 U.S. Dist. LEXIS 108197, *11-12 (C.D. Cal.

12  July 31, 2013), the court held that the "fact that World Savings Bank merged in [sic] Wachovia

13  and later merged into Wells Fargo does not render HOLA inapplicable." The deed of trust "states

14  that the instrument 'shall be governed under federal law and federal rules and regulations

15  including those for federally chartered savings institutions,'" and plaintiffs "contracted with a

16  Federal Savings Bank" and "agreed to be bound by such laws under the terms of the trust deed."

17  *Id*. at *11-12.  Thus, Wells Fargo could assert HOLA preemption.[4]

18  **D.    State Laws Preempted By HOLA**

19  Among the regulations that are "so pervasive as to leave no room for state regulatory

20  control" are OTS regulation §§560.2(b)(4), (5) and (10).  These regulations preempt state laws

21  that "would impose requirements on federal savings banks regarding":

22      (b)(4)  The terms of credit … including the circumstances under which a loan may
        be called due and payable;
23      (b)(5) Loan-related fees, including without limitations, initial charges, late
        charges, prepayment penalties, servicing fees, and overlimit fees;
24
25      (b)(10) Processing, origination, servicing, sale or purchase of, or investment or
        participation in…mortgages

26

27  _____

    [4]  *See also Marquez v. Wells Fargo Bank, N.A.*, 2013 U.S. Dist. LEXIS 131364 (N.D. Cal.
    Sept. 13, 2013); *Babb v. Wachovia Mortg*., FSB, 2013 U.S. Dist. LEXIS 106228, *11-13 (C.D.
28  Cal. July 26, 2013).

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

**E.** **The Application of HOLA Preempts Plaintiff's State Law Claims**

Plaintiff's state law claims relate to "processing" or "servicing" of the loan. Specifically, the claims are based on the conduct of Wells Fargo in reviewing, processing, and handling plaintiff's loan and her requests for a loan modification. Case law readily applies HOLA to these kinds of state law claims, regardless of the precise name a plaintiff attaches to them.

**i.** **Plaintiff's Claims Concerning the Loan Modification Efforts Are Preempted**

Plaintiff's allegations regarding her loan modification application and loan modification review are preempted by HOLA. Specifically, plaintiff's claims for fraud (second claim), promissory estoppel (sixth claim), negligence (seventh claim), negligent misrepresentation (eighth claim) and the Section 17200 claim (ninth claim) are all are preempted by 12 C.F.R. §§ 560.2(b)(4) terms of credit and (10) [ "Processing, [and] servicing . . . of . . . mortgages"]. *Biggins v. Wells Fargo & Co.*, 266 F.R.D. 399, 417 (N.D. Cal. 2009) (finding (b)(10) preempts state claim promises directed toward a duty to make a loan modification); *DeLeon v. Wells Fargo Bank, N.A.*, 729 F. Supp. 2d 1119, 1126-28 (N.D. Cal. 2010) (plaintiffs' claim that the lender proceeded to sale without concluding modification discussions were preempted relating to the "processing" and "servicing" of the subject mortgage); *see also Vinal v. Wells Fargo Bank, N.A.,* 2011 U.S. Dist. LEXIS 103013 (N.D. Cal. Sept. 13, 2011) ("Each of Plaintiff's state law claims are based on an alleged failure to provide a loan modification or **foreclosure** alternatives and thus relate to 'terms of credit' or 'processing, origination, servicing . . . of . . .mortgages' and are therefore preempted."); *Sato v. Wachovia Mortg., FSB,* 2011 U.S. Dist. LEXIS 75418, *20 (N.D. Cal. July 13, 2011) (dismissing claim alleging that lender failed to modify her loan, as it "clearly falls under the preemption provisions for 'processing, origination, sale or purchase of ... mortgages' and 'terms of credit.'").

**ii.** **Plaintiff's § 2923.5 Claim Is Preempted**

In support of her third claim for relief, plaintiff alleges Wells Fargo violated former § 2923.5. Any alleged violation of § 2923.5 is preempted under 12 C.F.R. § 560.2(b)(10) (Processing… [and] servicing… of… mortgages). *See Young v. World Sav. Bank, FSB,* 2011 U.S. Dist. LEXIS 143481 *10 (S.D. Cal. Dec. 13, 2011); *Quintero Family Trust v. OneWest*

*Bank, F.S.B.*, 2010 U.S. Dist. LEXIS 63659, *6-7 (S.D. Cal. June 25, 2010).

District Courts have, with few exceptions, found former § 2923.5 to be preempted as purporting to regulate a lender's processing or serving activities, both before and after *Mabry v. Superior Court*, 185 Cal. App. 4th 208 (2010). One of the numerous pre-*Mabry* decisions was *Murillo v. Aurora Loan Servs., LLC*, 2009 U.S. Dist. LEXIS 61791 (N.D. Cal. July 17, 2009), where the court dismissed a § 2923.5 claim, with prejudice, that alleged "Defendants failed to properly file a declaration with their notice of default."[5] The district court held that "[a]s applied, Plaintiffs' § 2923.5 claim concerns the processing and servicing of Plaintiffs' mortgage. As such, the Court finds that Plaintiffs' § 2923.5 claim is preempted under HOLA." *Murillo*, 2009 U.S. Dist. LEXIS 61791, at *11; *see also Nguyen v. Wells Fargo Bank, N.A.*, 749 F. Supp. 2d 1022, 1031-33 (N.D. Cal. 2010) (claims for violation of §§ 2923.5 and 2924 preempted by § 560.2(b)(10) as based on allegedly improper foreclosure procedures); *Giordano v. Wachovia Mortg., FSB*, 2010 U.S. Dist. LEXIS 136284, *7 (N.D. Cal. Dec. 14, 2010) (HOLA preempts laws setting forth procedures for filing a NOD and conducting a foreclosure sale).

### iii. Plaintiff's Claims Based On Violations Of HBOR Are Preempted

Plaintiff's fourth and fifth claims for relief are based on asserted violations of the recently adopted Home Owner's Bill of Rights ("HBOR"), §§ 2923.6 and 2923.7. (*See* Compl. ¶¶54-64).

HBOR sets forth detailed obligations and restrictions on Wells Fargo's loan servicing. (*See generally*, §§ 2923.5, 2923.55, 2923.6, 2923.7 2924.11). These obligations under HBOR are preempted by 12 C.F.R. § 560.2 (b)(4) and (10). In addressing HOLA preemption of HBOR claims the court in *Gorton,* 2013 U.S. Dist. LEXIS 86006 at *11, held:

> Plaintiff's HBOR claim is based solely on communications regarding and actions or omissions related to either Plaintiff's application for loan modification, Wells Fargo's denial of that application, or Plaintiff's appeal of the denial. (¶¶ 41-48.) Thus, the Court concludes that it falls within the preemptive scope of § 560.2(b)(4), which applies to "state laws purporting to impose requirements regarding . . . (4) the terms of credit, . . . including the circumstances under which a loan may be called due and payable upon the passage of time or a specified

---

[5]  Holdings that rely on *Murillo* include: *Pinales v. Quality Loan Service Corp.*, 2010 U.S. Dist. LEXIS 2114 (S.D. Cal. Sept. 22, 2010); *Parcray v. Shea Mortg., Inc.*, 2010 U.S. Dist. LEXIS 40377, *24 (E.D. Cal. Apr. 23, 2010); *Gonzalez v. Alliance Bancorp*, 2010 U.S. Dist. LEXIS 47943, *16 (N.D. Cal. Apr. 19, 2010); *Odinma v. Aurora Loan Services*, 2010 U.S. Dist. LEXIS 28347 (N.D. Cal. Mar. 23, 2010).

CASE NO.:  3:14-CV-00063-EDL
MEMORANDUM OF POINTS & AUTHORITIES

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   event external to the loan." *Id*. Moreover, were it not within these confines, the Court would have no difficulty concluding that the law "affects lending" and that

2   it is not otherwise saved from preemption by any subsection (c) category.

3       The court in *Kaplan v. Wells Fargo Bank, N.A.,* 2013 U.S. Dist. LEXIS 109023, *8-9

4   (C.D. Cal. July 30, 2013), reached the same conclusion holding:

5       Here, Plaintiffs' claims for fraudulent misrepresentation, promissory estoppel, negligent misrepresentation, and violation of the HBOR all arise out of

6   Defendants' alleged representation that they would "review plaintiffs for [the Home Affordable Modification Program ('HAMP')" and their subsequent failure

7   to do so. (FAC ¶¶ 120, 135-137, 147.) Each of these claims is therefore premised on Defendants' alleged misconduct in "[p]rocessing, originat[ing], servicing . . .

8   or participati[ng] in, mortgages"--activities *subsection (b)* explicitly identifies as subject to HOLA preemption. *12 C.F.R. § 560.2(b)*.

9   In *Marquez,* 2013 U.S. Dist. LEXIS 131364 at *13-17, the court likewise ruled:

10

11   The court finds that the first through fourth causes of action, which allege various violations of the HBOR, are preempted by HOLA.

12   In the second cause of action, plaintiffs allege that defendants filed the NOD without first making a written determination that plaintiffs were not eligible for a

13   loan modification, or that plaintiffs were offered a loan modification but rejected it, or that plaintiffs accepted a loan modification but defaulted on the new loan, in

14   violation of Civil Code § 2923.6. Cplt ¶¶ 36-40.  Courts have found that claims for violations of § 2923.6 are preempted by HOLA.  *See, Sato v. Wachovia*

15   *Mortg., FSB,* 2011 U.S. Dist. LEXIS 75418, 2011 WL 2784567 at *7 (N.D. Cal. Jul. 13, 2011)  [*15] (claim that lender violated California Civil Code § 2923.6 by

16   failing to modify her loan preempted by HOLA under provisions for "processing, origination, sale or purchase of . . . mortgages" and "terms of credit").n1

17

18   In the third cause of action, plaintiffs assert that "although they have asked to be reviewed for alternatives to foreclosure, they have never been assigned a 'single

19   point of contact' to provide them assistance in applying for potential foreclosure alternatives," as required by Civil Code § 2923.7.  Thus, they allege, they have in

20   effect never been given a meaningful opportunity to apply for, and receive, a loan modification offer. Cplt ¶¶ 43-46.  The court finds that this cause of action is

21   preempted by HOLA, as it imposes requirements on "processing" or "servicing" of mortgages, or on the "terms of credit," and also seeks to impose an obligation

22   that affects lending. It is further preempted to the extent that plaintiffs allege that Wells Fargo was [*16] required to offer a loan modification.  *See, e.g., Gabali v.*

23   *OneWest Bank, FSB,* 2013 U.S. Dist. LEXIS 47193, 2013 WL 1320770 at *10 (N.D. Cal. March 29, 2013).

24       Moreover, given the additional remedies now available to borrowers for alleged

25   violations of the HBOR, a finding of preemption by HOLA is also warranted by the holding in

26   *Mabry,* 185 Cal. App. 4th at  226-32.  Prior to January 1, 2013, the *only* remedy available for a

27   violation of the non-judicial foreclosure laws codified under §§ 2923.5 and 2924 *et seq*. was

28   equitable relief (*i.e.*, an order enjoining the foreclosure sale (prospectively) or rescinding it

1    (retrospectively)).  There was no right to, for example, a loan modification or monetary damages.

2    *Mabry*, 185 Cal. App. 4th at 232.  As a result, the *Mabry* court held that § 2923.5 was not

3    preempted by HOLA. *Id*. at 231.  In beginning its analysis of the preemption issue, the Court of

4    Appeal noted:

5              A remarkable aspect of section 2923.5 is that is appears to have been carefully
               drafted to avoid bumping into federal law, *precisely because it is limited* to
6              affording borrowers only more time when lenders do not comply with the statute.

7    *Id*. at 226 (emphasis added).  The court appeared to go out of its way to narrowly construe the

8    impact of the requirements set forth in § 2923.5 so as to avoid federal preemption.  "We

9    emphasize that we are able to come to our conclusion that section 2923.5 is not preempted by

10   federal banking regulations because it *is*, or can be construed to be, very narrow."  *Id*. at 231

11   (emphasis in original).  When examining a lender's obligations under the statute to "assess" and

12   "explore," the court held these words "must be narrowly construed *in order to avoid crossing the*

13   *line* from state foreclosure law into federally preempted loan servicing." *Id*. at 232 (emphasis

14   added); *see also Stebley v. Litton Loan Servicing, LLP*, 202 Cal. App. 4th 522 (2011) (the Court

15   of Appeal acknowledged that the limited relief available under Civil Code § 2923.5 saved it from

16   colliding with federal preemption).  Moreover, the *Mabry* court found that preemption was not

17   warranted "because the remedy for noncompliance is a simple postponement of the foreclosure

18   sale, nothing more."  185 Cal. App. 4th at 214.

19           Given the substantial additional remedies now available for violation of the HBOR, a

20   narrow interpretation cannot possibly save the statute from preemption. *See* §§ 2924.12, 2924.17.

21   These new remedies are quite unlike the limited relief available under § 2923.5.  For example, §

22   2924.12(b) provides for the imposition of monetary damages against a lender or servicer, up to

23   $50,000.  Additionally, a lender may now be required to pay attorney's fees to a borrower *who*

24   *merely obtained injunctive relief* in an action brought to enforce section 2924.17.  § 2924.12(i).

25   Even the government may now seek to impose civil penalties, up to $7,500 per mortgage, against

26   a lender for "multiple and repeated uncorrected violations."  § 2924.17(c).  Since the remedies

27   that can be imposed for violation of HBOR exceed a "simple postponement," it cannot escape

28   preemption under HOLA.  Thus, the newly enacted statute is preempted under federal law and

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   cannot impose any affirmative obligations on Wells Fargo.  The HBOR claims should be

2   dismissed.

3   ## 4.   **PLAINTIFF'S BREACH OF THIRD-PARTY CONTRACT CLAIM FAILS**

4   Plaintiff alleges she is "a Third Party Beneficiary to the contract that Wells Fargo made

5   with the U.S. Department of  Treasury . . . ."  (Compl. ¶36).  Plaintiff further alleges "Wells

6   Fargo unjustifiably and inexcusably breached the Contract (SPA and HAMP) by failing to

7   perform their obligations thereunder . . . ."  (*Id.*).  There is no merit to this claim.

8   "It is difficult to demonstrate third-party beneficiary status in the context of government

9   contracts."  *Villa v. Wells Fargo,* 2010 U.S. Dist. LEXIS 23741 at * 5 citing *County of Santa*

10   *Clara v. Astra USA, Inc.* 588 F. 3d 1237, 1244 (9th Cir. 2009).  HAMP, like most government

11   contracts, benefits the public.  Therefore, parties are assumed to be incidental beneficiaries, not

12   intended beneficiaries.  *Villa,* 2010 U.S. Dist. LEXIS 23741 at *6.  Incidental beneficiaries may

13   not enforce the contract absent a clear intent to the contrary.  *Restatement (Second) of Contracts*

14   § 302 (1979); *Escobedo v. Countrywide Home Loans, Inc.*, 2009 U.S. Dist. LEXIS 117017, *5

15   (S.D. Cal. Dec. 15, 2009).

16   In order to be an intended beneficiary, "the precise language of the contract must show a

17   clear intent 'to rebut the presumption that the [third parties] are merely incidental beneficiaries.'"

18   *Villa,* 2010 U.S. Dist. LEXIS 23741 at *6 citing *Klamath Water Users Protective Ass'n v.*

19   *Patterson,* 204 F. 3d 1206, 1210 (9th Cir. 2000).  One way to demonstrate this intent "is to ask

20   whether the beneficiary would be reasonable in relying on the promise as manifesting an

21   intention to confer a right on him or her."  *Escobedo*, 2009 U.S. Dist. LEXIS 117017 at *5.

22   In *Escobedo*, 2009 U.S. Dist. LEXIS 117017 at *6-7 the Court held:

23   > As in *Klamath*, the [HAMP] Agreement was entered into in part for the benefit of
   > qualified borrowers and with these borrowers in mind.  However, the language of
24   > the contract does not show that the parties intended to grant qualified borrowers
   > the right to enforce the Agreement.  Indeed, the Agreement specifies that it 'shall
25   > inure to the benefit of . . . the *parties to the Agreement and their permitted*
   > *successors-in-interest.* (Internal citations omitted.)  A qualified borrower would
26   > not be reasonable in relying on the Agreement as manifesting an intention to
   > confer a right on him or her because the Agreement does not *require* that
27   > Countrywide modify eligible loans.

28   The *Escobedo* court found "[q]ualified borrowers are incidental beneficiaries of the

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

Agreement and do not have enforceable rights under the contract.  Therefore, Plaintiffs lack

standing to sue for an alleged breach of the Agreement." *Id.* at *7.  The court in *Villa* adopted

*Escobedo's* reasoning.  *Villa*, 2010 U.S. Dist. LEXIS 23741 at *6, 7[6].

In a published decision, *Speleos v. BAC Home Loans Servicing, L.P.*, 755 F. Supp. 2d

304, 310 (D. Mass. 2010), the court followed *Klamath* and found that borrowers do not have a

private right of action against their lender for violating the HAMP contract or its regulations.  "as

a general proposition, public citizens are not intended third-party beneficiaries to government

contracts despite the fact that such contracts are usually intended to benefit the public in some

way." *See Klamath*, 204 F.3d at 1211.  Numerous District Courts in California have followed

*Klamath* or its reasoning and decided a borrower does not have standing as intended third-party

beneficiary to sue lender for a violation of the lender's HAMP agreement with the United States.

*See Meyer v. Wells Fargo Bank, N.A.,* 2013 U.S. Dist. LEXIS 172418, *708 (N.D. Cal. Dec. 6,

2013) ("[C]ourts in this district have held that a borrower does not have standing to sue, as

intended third-party beneficiaries, its lender for violation of the lender's HAMP agreement with

the United States.) (collecting cases); *see also Ferchau v. CitiMortgage, Inc.*, 2014 U.S. Dist.

LEXIS 244 (N.D. Cal. Jan. 2, 2014) (same).

As plaintiff/borrower is not an intended beneficiary HAMP, plaintiff cannot prevail on

this claim for breach of the HAMP contract.

## 5.   THE CONSTRUCTIVE FRAUD CLAIM FAILS FOR A VARIETY OF REASONS

To state a fraud claim, plaintiff must allege:  (i) a false representation of a past or existing

material fact, (ii) knowledge of its falsity, (iii) intent to defraud, (iv) actual and justifiable

reliance, and (v) resulting damage. *Wilhelm v. Pray, Price, Williams & Russell*, 186 Cal. App. 3d

1324, 1331 (1986).  Moreover, a claim of constructive fraud "arises on a breach of duty by one

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

---

[6]  The *Villa* and *Escobedo* decisions set forth analyses that effectively overrule  earlier decision
in *Reyes v. Saxon Mortgage Services, Inc.,* 2009 U.S. Dist. LEXIS 125235, *5, 6 (S.D. Cal. Nov.
5, 2009).  In *Reyes,* the court held that plaintiff met the Rule 8 pleading requirements to state a
claim for breach of contract under a third-party beneficiary theory.  However, *Reyes* was not
analyzed under the *Klamath* analysis that was used in *Escobedo* and adopted in *Villa*.  The recent
case law is clear:  a borrower is not an intended beneficiary under the HAMP Agreement and
lacks standing to sue.

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1  in a confidential or fiduciary relationship to another which induces justifiable reliance by the

2  latter to his prejudice."  *Odorizzi v. Bloomfield Sch. Dist.*, 246 Cal. App. 2d 123, 129 (1966); *see*

3  *also Gilmore v. Am. Mortg. Network, Inc.*, 2012 U.S. Dist. LEXIS 176194 (C.D. Cal. Dec. 10,

4  2012) ("plaintiff's claim for constructive fraud depends on the existence of duty arising out of a

5  confidential or fiduciary relationship between himself and defendants, the breach of which gives

6  rise to constructive fraud").  Plaintiff has not adequately pled the required elements of the claim.

7  **A.**    **Plaintiff Fails To Plead Wells Fargo Owed Her A Fiduciary Duty**

8             California law is clear that as a general rule, no fiduciary relationship exists between a

9  lender and a borrower as a matter of law.  *See Nymark v. Heart Fed. Savs. & Loan Ass'n*, 231

10  Cal. App. 3d 1089, 1096 (1991); *Price v. Wells Fargo Bank*, 213 Cal.App.3d 465, 476-78 (1989)

11  (citation omitted) ("'A debt is not a trust and there is not a fiduciary relation between debtor and

12  creditor as such' the same principle should apply with even greater clarity to the relationship

13  between a bank and its loan customers."); *see also Perlas v. GMAC Mortg., LLC,* 187 Cal. App.

14  4th 429, 436 (2010) ("… a loan transaction is at arm's length and there is no fiduciary

15  relationship between the borrower and lender.") (citations omitted).  This is true even where a

16  lender undertakes to review a borrower for a loan modification.  *See Aspiras v. Wells Fargo*

17  *Bank, N.A.*, 219 Cal. App. 4th 948, 964 (2013) (*cf. Jolley v. Chase Home Finance, LLC,* 213 Cal.

18  4th 872 (2013), for contrary view, in the context of a construction loan.).  As plaintiff fails to

19  allege that Wells Fargo is anything more than a conventional lender, she cannot establish that

20  Wells Fargo owed her a duty as a matter of law.

21  **B.**    **Plaintiff Fails To Plead The Remaining Elements Of Constructive Fraud**

22             Under FRCP 9(b), fraud allegations are subject to a higher pleading standard and must be

23  specifically pled.  *Glen Holly Entertainment, Inc. v. Tektronix, Inc.*, 100 F. Supp. 2d 1086, 1093-

24  1094 (C.D. Cal. 1999).  "This means the who, what, when, where, and how . . . ."  *Glen Holly,*

25  *supra*, 100 F. Supp. 2d at 1094.  As for corporate defendants, Rule 9(b) requires plaintiffs to

26  specifically plead:  (1) the misrepresentation, (2) the speaker and his or her authority to speak,

27  (3) when and where the statements were made, (4) whether the statements were oral or written,

28  (5) if statements were written, the specific documents containing the representations, and (6) the

1   manner in which the representations were allegedly false or misleading.  *Moore v. Kayport*

2   *Package Express, Inc.*, 885 F.2d 531, 549 (9th Cir. 1989).  Vague or conclusory allegations are

3   insufficient to satisfy Rule 9(b)'s "particularity" requirement.  *Moore*, 885 F.2d at 540; *Wool v.*

4   *Tandem Computers, Inc.*, 818 F.2d 1433, 1439 (9th Cir. 1987).  Thus, merely identifying

5   allegedly fraudulent conduct fails.

6        Here, the complaint falls well short of meeting any of these requirements.  Plaintiff

7   alleges Wells Fargo knew she needed and qualified for assistance, but sent the notice of trustee

8   sale instead of delivering a legally obligated modification.  (Compl. ¶45(2)).  She also alleges

9   Wells Fargo represented she would not lose her home to foreclosure (¶45(3)) and Wells Fargo is

10  the only entity who can save her home from foreclosure (¶45(4)). Plaintiff does not provide any

11  additional facts in support of these allegations, such as who made the statements, when each

12  statement was made, the employees' authority to speak for Wells Fargo, whether the statements

13  were written or oral, and how they were false or misleading.

14       Plaintiff is also required to allege facts showing her actual and justifiable reliance.

15  *Wilhelm*, 186 Cal. App. 3d at 1331.  No such facts have been alleged.  Plaintiff merely makes a

16  boilerplate assertion of justifiable reliance stating that she relied on Wells Fargo and did not seek

17  other remedies to help protect her interests and save her home from foreclosure.  (*See* Compl.

18  ¶45(4)).  Moreover, justifiable "reliance exists when the misrepresentation or nondisclosure was

19  an *immediate cause* of the plaintiff's conduct which altered his or her legal relations. . . ."

20  *Alliance Mortg. Co. v. Rothwell*, 19 Cal. App. 4th 1226, 1239 (1995) (whether a party's reliance

21  was justified may be decided as a matter of law if reasonable minds can come to only one

22  conclusion based on the facts) (emphasis added).  This is not the case here.  Plaintiff's decision

23  to submit an application for a loan modification did not make her situation with Wells Fargo any

24  worse.  The whole reason plaintiff submitted the application was to obtain more favorable loan

25  terms.  Plaintiff has not alleged any facts to show that submission of the loan application was

26  done solely based on Wells Fargo's representations.

27       Finally, plaintiff has not pled damages.  Plaintiff alleges that as a result of Wells Fargo's

28  recording of the NOD and the Notice of Trustee Sale, she "stands to lose" her home.  (Compl.

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

Anglin Flewelling Rasmussen Campbell & Trytten LLP

1   ¶45(6)).  However, the "damages" were not caused by any action of Wells Fargo.  The

2   foreclosure was caused by plaintiff's hardship which lead to her default.  (*See* ¶¶29-31).

3   **6.    PLAINTIFF CANNOT PREVAIL ON HER CLAIM UNDER CIVIL CODE § 2923.5**

4          Plaintiff's third claim asserts a violation of § 2923.5 as it existed when the NOD was

5   recorded.  (*See* Compl. ¶¶47-53).  According to plaintiff, the NOD is either void because Wells

6   Fargo failed to contact the plaintiff or because the declaration attached to the NOD was not

7   signed under penalty of perjury.  Notwithstanding preemption, there is no merit to this claim.

8          First, the substantive requirements of former § 2923.5 required the lender to make "initial

9   contact" with the borrower or to satisfy certain "due diligence" requirements.  A declaration

10  indicating compliance is required prior to recording the notice of default.  § 2923.5.  In *Mabry*,

11  185 Cal. App. 4th at 235, the court held that a declaration under § 2923.5 is only required to

12  track the language of the statute; it is not required to be custom drafted or explain the efforts

13  made to contact the borrower.  Moreover, there is no requirement that the declaration be signed

14  under penalty of perjury.  *Id.* at 233 ("if the Legislature wanted to say that the statement required

15  in section 2923.5 must be under penalty of perjury, it knew how to do so.").

16         Plaintiff concedes that she had numerous discussions with Wells Fargo regarding efforts

17  to avoid foreclosure over a two year period prior to the 2012 recording of the NOD.  (*See* Compl.

18  ¶30).  She also concedes discussions of alternatives to foreclosure in her pleadings in alleging

19  Wells Fargo breached its promise to review her for a modification (or, alternatively, provide a

20  promised modification).  The declaration attached to the NOD confirms that Wells Fargo

21  complied with § 2923.5 in communicating with the borrower.  (RJN Exh. H).

22         Moreover, plaintiff's claim is non-actionable.  Plaintiff seeks damages for the alleged

23  violation of the statute.  (*See* Compl. ¶53).  Damages, however, are not available; the only

24  remedy for a violation of former § 2923.5 is the postponement of a trustee's sale.  *Mabry*, 185

25  Cal. App. 4th at 235 ("We would merely note that under the plain language of section 2924g, the

26  *only* remedy provided is a postponement of the sale *before* it happens.").  Since damages are not

27  available this claim should be dismissed.

28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1    **7.   PLAINTIFF'S CLAIMS UNDER HBOR FAIL FOR A NUMBER OF REASONS**

2    **A.      The HBOR Is Not Retroactive**

3          The HBOR, as noted by the California Department of Justice, Office of the Attorney

4    General, "became law on January 1, 2013 to ensure fair lending and borrowing practices for

5    California homeowners."  As such, the HBOR does not apply to conduct that occurred prior to its

6    effective date of January 1, 2013.  There is no provision in the law stating that its provisions

7    apply retroactively.  Indeed, it would not make any sense for it to apply retroactively because it

8    was meant to supplement and replace specific provisions of §§ 2923.5 and 2924 *et seq.* that

9    expired on December 31, 2012.  As one recent California Supreme Court case noted:

10          California courts comply with the legal principle that unless there is an express
            retroactivity provision, a statute will not be applied retroactively unless it is very
11          clear from extrinsic sources that the Legislature . . . must have intended a
            retroactive application.  California courts apply the same general prospectivity
12          principle as the United States Supreme Court.  Under this formulation, a statute's
            retroactivity is, in the first instance, a policy determination for the Legislature and
13          one to which courts defer absent some constitutional objection to retroactivity.
            But a statute that is ambiguous with respect to retroactive application is construed
14          ... to be unambiguously prospective.

15   *Myers v. Philip Morris Co.s Inc.*, 28 Cal. 4th 828, 841 (2002); *see also Guglielmelli v. Wells*

16   *Fargo Bank, N.A.*, 2013 U.S. Dist. LEXIS 43063 (C.D. Cal. Mar. 26, 2013) ("Plaintiff has not

17   demonstrated a likelihood of success on her claim that Defendants violated provisions of the

18   HBOR that were effective beginning January 1, 2013").

19          Thus, to the extent plaintiff may allege violations concerning "dual tracking" when it

20   recorded the NOD in 2012 (*see* Compl. ¶61), plaintiff cannot prevail on this claim since the

21   NOD was recorded prior to the enactment of the statute.

22   **B.      Wells Fargo Is In Compliance With The National Mortgage Settlement And Is**

23          **Therefore Protected Under The Safe Harbor Provisions Of Civil Code § 2924.12**

24          Section 2924.12 provides a safe harbor provision under the newly adopted HBOR.

25   Pursuant to § 2924.12, § 2923.6 does not apply as long as Wells Fargo is in compliance with the

26   terms of the National Mortgage Settlement ("NMS").  A signatory to the NMS who is in

27   compliance with the NMS "shall have no liability for a violation of Section 2923.55, 2923.6,

28   2923.7, 2924.9, 2924.10, 2924.11 or 2924.17" as long as the signatory is in compliance with the

1  relevant terms.  § 2924.12(g); *see also Winterbower v. Wells Fargo Bank, N.A.,* 2013 U.S. Dist.

2  LEXIS 44087, *10-11 (C.D. Cal. Mar. 27, 2013).

3      Here, Wells Fargo is a signatory to the NMS (RJN Exh. P [true and correct copy of the

4  NMS]) and the complaint is devoid of allegations that Wells Fargo failed to comply with it.  As

5  such, Wells Fargo's participation in the NMS insulates it from liability under the HBOR.

6  **C.    Plaintiff Cannot State A Claim For Violation of Civil Code § 2923.6**

7          **i.        A Lender Has No Duty To Modify A Loan**

8      Plaintiff's claim for a violation of § 2923.6 is premised on the allegation that by failing to

9  conduct a "good faith" modification review, Wells Fargo violated California foreclosure statutes

10 and the federal HAMP y failing to provide assistance since her hardship was over.  (Compl.

11 ¶¶54-59; *see also id.* ¶56).  There is no merit to this claim.

12     There is no legally enforceable right to a modification under HAMP or any in-house

13 program.  *See e.g., Hoffman v. Bank of America, N.A.,* 2010 U.S. Dist. LEXIS 70455, *15 (N.D.

14 Cal. June 30, 2010) ("lenders are not required to make loan modifications for borrowers that

15 qualify under HAMP, nor does the servicer's agreement confer an enforceable right on the

16 borrower").  California law likewise does not compel a lender to provide a loan modification.  In

17 the seminal case of *Mabry,* the California Court of Appeal clarified that California statutes do not

18 obligate a lender to do anything:

19         [S]ection 2923.6 does *not* operate substantively.  Section 2923.6 merely expresses
           the *hope* that lenders will offer loan modifications on certain terms. [].  The statute
20         conspicuously does not require lenders to take any action . . . (original italics).

21 185 Cal. App. 4th at 223-24 (discussing former § 2923.6); *see also Arvizu v. GMAC Mortgage,*

22 *LLC,* 2010 U.S. Dist. LEXIS 110396, *20 (E.D. Cal. Oct. 18, 2010) ("*[S]ection 2923.6* does *not*

23 *require* lenders to take any action….  Plaintiff has no cause of action under *section 2923.6*.").

24     The requirements of former §§ 2923.5 and 2923.6 were clear; these statutes merely

25 required the lender to contact the borrower, or make a good faith attempt to contact the borrower,

26 to discuss foreclosure alternatives.  *See e.g.,* former §§ 2923.5(a)(2) & 2923.5(g).  As for the new

27 legislation under HBOR, the current § 2923.6 likewise imposes no affirmative obligation on

28 lenders or loan servicers to extend a modification.  *See* § 2923.4 ("Nothing in the act … shall be

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

Anglin Flewelling Rasmussen Campbell & Trytten llp

1  interpreted to require a particular result of that [loss mitigation] process").

2

3  **ii.      Plaintiff Fails To Comply With The Statute Concerning "Dual Tracking"**

4  Plaintiff alleges Wells Fargo engaged in "dual tracking" when it recorded the NOD prior

5  to rendering a decision on her loan modification application.  (*See* Compl. ¶¶61-62).

6  Section 2923.6(c) provides:

7  **If a borrower submits a complete application** for a first lien loan modification
   offered by, or through, the borrower's mortgage servicer, a mortgage servicer,

8  mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of
   default or notice of sale, or conduct a trustee's sale while the **complete first lien**

9  **loan modification application is pending**….

10  The dual-tracking prohibition in § 2923.6(c) comes into play only "if a borrower submits

11  a complete application" and "while the complete first lien loan application is pending."  C.C. §

12  2923.6(c).  § 2924.10(b) defines a 'complete' loan modification application as "when a borrower

13  has supplied the mortgage servicer with all documents required by the mortgage servicer within

14  the reasonable timeframes specified by the mortgage servicer."  Determination of what

15  constitutes a "complete" application is made by the servicer, not the borrower.

16  Here, plaintiff alleges she submitted an application sometime prior to December 2012

17  (Compl. ¶30), but does not allege any facts showing that the application was "complete".  She

18  does not allege how Wells Fargo responded to this submission, e.g., a description of the loan

19  modification process, whether it was deemed complete, any deadlines associated with the

20  application, any deficiencies with the application.  *See* § 2924.10(a).  Instead, she alleges she has

21  not received a decision on her application.  (¶61).  Since plaintiff fails to allege that Wells Fargo

22  received a "complete" application, plaintiff cannot prevail on this claim.

23  **D.      Plaintiff Fails To Allege a Violation of Civil Code § 2923.7**

24  Plaintiff's allegations to support her claim for a violation of § 2923.7, assert Wells Fargo

25  failed to provide plaintiff with a Single Point of Contact ("SPOC") pursuant to this statute.  (*See*

26  Compl. ¶62).  To state this claim, plaintiff must allege when, or if, she actually requested a

27  SPOC, and allege any specific conduct by Wells Fargo or the SPOC occurring after January 1,

28  2013 constituting a material violation of § 2923.7.  Plaintiff fails to do so.

1

## 8.    PLAINTIFF'S SIXTH CLAIM FOR PROMISSORY ESTOPPEL FAILS

2      Promissory estoppel requires "(1) a promise clear and unambiguous in its terms;

3 (2) reliance by the party to whom the promise is made; (3) the reliance must be reasonable and

4 foreseeable; and (4) the party asserting the estoppel must be injured by his reliance." *Laks v.*

5 *Coast Fed. Sav. & Loan Ass'n*, 60 Cal. App. 3d 885, 890 (1976).  Plaintiff fails to so plead.

6      First, plaintiff fails to allege a clear and unambiguous promise.  Plaintiff pleads Wells

7 Fargo promised to review her for assistance, broke this promise (Compl. ¶67(1)), and

8 "promise[d] a modification would be forthcoming to keep Plaintiff from seeking remedies

9 elsewhere and from offering obstacles to foreclosure" (¶67(2)).  These "promises", if at all, are

10 simply too vague to support this claim.  Indeed, a promise of a modification could have been

11 nothing more than a hope, or at best an expectation, that after a review of plaintiff's application,

12 an offer of a modification would be forthcoming.  There was no promise of any specific

13 modification.  The fact that this was not a clear and unambiguous promise is also evidenced from

14 the fact that there were no terms (*e.g.*, no interest rate, payment amount, loan balance reduction

15 or duration for the purportedly promised modification).  *See Cabanilla v. Wachovia Mortg.*, 2012

16 U.S. Dist. LEXIS 39270 (C.D. Cal. Mar. 20, 2012).  In *Cabanilla,* the claim for promissory

17 estoppel was premised on the allegation that Wachovia "made numerous oral promises that they

18 would give Plaintiffs a loan modification . . . if Plaintiffs completed an application for a loan

19 modification and provided certain documents."  *Id.* at *3.  However, the court held that the claim

20 failed because plaintiffs "failed to allege a clear or unambiguous promise related to their loan

21 modification…  By [Plaintiffs]' own admission, Wachovia merely promised to consider and

22 evaluate their loan modification request.  That [Plaintiffs] did not receive a loan modification

23 does not entitle them to pursue a claim of promissory estoppel."  *Id.* at *4.  As was the case in

24 *Cabanilla,* here, plaintiff fails to allege a clear, unambiguous, enforceable promise.

25      Plaintiff's claim is also fatally defective because she cannot allege detrimental reliance.

26 Promissory estoppel requires a plaintiff to demonstrate a change in position in response to what

27 was promised.  *Smith v. City & County of San Francisco*, 225 Cal. App. 3d 38, 48 (1990).  The

28 action induced must be "of a definite and substantial character on the part of the promisee."

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

*Blatt v. University of So. California*, 5 Cal. App. 3d 935, 944 (1970).

Here, plaintiff fails to state what she did in reliance on this promise.  She appears to be claiming that in reliance on the promise of a modification, she failed to make her loan payments for two years.  (Compl. ¶67(4).)  But, plaintiff admits she could not afford the payments unless modified.  (*See* ¶¶29-30, 31).  She also suggests she would have sought other remedies and would have offered obstacles to foreclosure, but fails to identify what remedies she would have sought.  (¶67(2)).  *See Nong v. Wells Fargo Bank, N.A.,* 2010 U.S. Dist. Lexis 136464, *8-10 (C.D. Cal. 2011) (Court rejected plaintiff's reasoning that she relied on Wachovia's statements by not pursuing other strategies to avoid foreclosure).  The court found, "[w]here a plaintiff does not allege facts that could establish that [she] would have been successful in delaying the foreclosure sale, renegotiating her loan, and retaining possession of her home, dismissal is proper because the Complaint lacks a connection between her reliance on the alleged promise and losing her home to sustain her claim for estoppel."  *Id.*

Likewise, here there are no facts alleged that plaintiff could have or would have made years of loan payments, but for the "promise."  As for her claim that she would have "offer[ed] obstacles to foreclosure", plaintiff fails to identify what "obstacles" she would have offered that would be legally sufficient.  Moreover, the allegation that she would seek obstacles suggests that plaintiff may have unclean hands and is simply seeking to remain in the property for as long as possible without paying a mortgage or rent.

Finally, plaintiff fails to allege damages.  Instead, plaintiff makes the claim that her damages are the arrears she accumulated for years. (*See* Compl. ¶67(4); *see also* ¶68 [Plaintiff also generically alleges damages of pocket expenses, attorneys' fees, etc.]).  It makes no sense that plaintiff's damages are the payments she failed to make.  Instead, plaintiff has benefited from living rent free for three years.  She has not been harmed at all.

### 9.   THE SEVENTH CLAIM FOR NEGLIGENCE FAILS

Plaintiff's claim for negligence relates solely to the activity surrounding her attempts to modify her loan.  (*See* Compl. ¶¶70 & 72).  Yet there is no basis for her claim.

Negligence requires: "(1) a legal duty to use reasonable care, (2) breach of that duty, and

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   (3) proximate [or legal] cause between the breach and (4) the plaintiff's injury." *Mendoza v. City*

2   *of Los Angeles*, 66 Cal. App. 4th 1333, 1339 (1998) (citation omitted). "[A]bsent a duty, the

3   defendant's care, or lack of care, is irrelevant." *Software Design and Application Ltd. v. Hoeffer*

4   *& Arnolt Inc.*, 49 Cal. App. 4th 472, 481 (1996). A plaintiff's "inability to plead a duty of care

5   on the part of [defendant] precludes his maintenance of a cause of action on any negligence

6   theory." *LiMandri v. Judkins*, 52 Cal. App. 4th 326, 349 (1997). "The determination of whether

7   a duty exists is primarily a question of law." *Eddy v. Sharp*, 199 Cal. App. 3d 858, 864 (1988).

8        Because there is no duty of care on the part of a lender in a loan modification, plaintiff's

9   claim fails. *See Aspiras*, 219 Cal. App. 4th at 963 ("We decline to impose a duty of due care on

10  Wells Fargo in handling plaintiffs' loan modification."). District courts agree. *See Gonzales v.*

11  *Wells Fargo Bank, N.A.*, 2012 U.S. Dist. LEXIS 154851, *20 (N.D. Cal. Oct. 29, 2012) ("A loan

12  modification, which is nothing more than a renegotiation of loan terms, falls well within an

13  institution's conventional money-lending role."); *Armstrong v. Chevy Chase Bank, FSB*, 2012

14  U.S. Dist. LEXIS 144125, *9-13 (N.D. Cal. Oct. 3, 2012) (duty of care is not even created when

15  a lender *offers* the borrower a loan modification, because like the original underwriting process, a

16  modification review and approval is simply a renegotiation of the loan terms); *Argueta v. J.P.*

17  *Morgan Chase*, 2011 U.S. Dist. LEXIS 70756, *14-16 (E.D. Cal. June 30, 2011) (plaintiff

18  alleged that "[b]y accepting Plaintiff's modification application, requesting additional documents

19  and conditions of Plaintiff, and representing that it was endeavoring to actually review Plaintiff

20  for a modification, [lender] had an obligation to Plaintiff to do so reasonably and conform to a

21  standards of conduct for the protection of Plaintiff against unreasonable risks associated with

22  reviewing Plaintiffs for a modification;" court held that the allegations "are insufficient to

23  plausibly suggest that defendants owed plaintiff a duty of care"); *DeLeon v. Wells Fargo Bank,*

24  *N.A.*, 2010 U.S. Dist. LEXIS 112941, *9-12 (N.D. Cal. Oct. 22, 2010) (negligence claim fails

25  because lender had no "duty to Plaintiffs to complete the loan modification process, postpone the

26  foreclosure sale pending completion of such process, and serve a proper notice of sale"); *Dooms*

27  *v. Fed. Home Loan Mortg. Corp.,* 2011 U.S. Dist. LEXIS 38550, *24-25 (E.D. Cal. Mar. 30,

28  2011) (no duty arising from "[plaintiff's] default, property foreclosure, and loan modification

1    attempts.").

2         In the instant action, the pleadings fail to characterize Wells Fargo as anything but a

3    conventional lender.  After all, it is extremely commonplace for bank representatives to deal

4    directly with a borrower (or their authorized representatives) when responding to questions

5    concerning the mortgage terms and the modification review process.

6    **10.   THE CLAIM FOR NEGLIGENT MISREPRESENTATION IS ALSO FLAWED**

7         Plaintiff's eighth claim for negligent misrepresentation does not materially differ from

8    her second claim for fraud.  In fact, negligent misrepresentation is a simply a species of fraud

9    under California law.  *See e.g.*, *Small v. Fritz Companies, Inc.*, 30 Cal. 4th 167, 173-74 (2003).

10   Additionally, the tort of negligent misrepresentation requires the defendant to owe the plaintiff a

11   duty of care.  *Ditto v. McCurdy*, 520 F. 3d 1070, 1078 (9th Cir. 2007); *see also Cicone v. URS*

12   *Corp.*, 183 Cal. App. 3d 194, 207-11 (1986) (a duty of care is necessary to maintain a negligent

13   misrepresentation claim).  As detailed previously, Wells Fargo owed no duty of care to plaintiff.

14   For the reasons set forth above, this claim for relief should be dismissed.

15   **11.   THE BUSINESS AND PROFESSIONS CODE § 17200 CLAIM FAILS AS WELL**

16        California's Unfair Competition Law, Business & Professions Code §§ 17200, *et seq.*

17   ("UCL"), precludes any unlawful, unfair, or fraudulent business act or practice.  The UCL

18   "borrows" violations of other laws and authorizes a separate action pursuant to the UCL.  *See*

19   *Farmers Ins. Exch. v. Super. Ct.*, 2 Cal. 4th 377, 393 (1992); *Nguyen v. Wells Fargo Bank, N.A.*,

20   749 F. Supp. 2d 1022 (N.D. Cal 2010) (Laporte, M. J.) ("Section 17200 prohibits 'any unlawful,

21   unfair or fraudulent business act or practice.  This cause of action is derivative of some other

22   illegal conduct or fraud committed by a defendant, and a plaintiff must state with reasonable

23   particularity the facts supporting the statutory elements of the violation").

24        Plaintiff relies on defective statutory and common law claims in the complaint to support

25   the UCL claim.  (*See* Compl. ¶¶82-83, 85-86).  As noted herein, plaintiff's claims are all

26   deficiently pled and/or preempted.  Since plaintiff's UCL claim relies on defective statutory and

27   common law claims, the claims are not saved by recasting them as claims for unfair competition.

28        In addition, plaintiff cannot show she satisfied the standing requirement of the UCL.  To

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   bring a claim under the UCL, a plaintiff "must have suffered an injury in fact and lost money or

2   property as a result of … alleged unfair or fraudulent practices."  Cal. Bus. & Prof. Code §

3   17204; *Clayworth v. Pfizer, Inc.*, 49 Cal. 4th 758, 788 (2010).  Here, plaintiff cannot make this

4   necessary showing because the ultimate reason for the foreclosure was her own default as a

5   result of her financial hardship.  (*See* Compl. ¶¶29-31).  Absent her financial hardship,

6   presumably there would be no foreclosure.

7   **12.   PLAINTIFF CANNOT OBTAIN INJUNCTIVE RELIEF WITHOUT HER TENDER**

8          Plaintiff seeks, *inter alia*, injunctive relief for alleged violations.  (*See* Compl. at 29,

9   Prayer at No. 1).  To enjoin a foreclosure sale, debtors must make a valid and viable tender of the

10  full outstanding indebtedness.  *Abdallah v. United Savings Bank*, 43 Cal. App. 4th 1101, 1109

11  (1996) (the tender requirement applies "to any cause of action for irregularity in the sale

12  procedure"); *Gaffney v. Downey Sav. & Loan*, 200 Cal. App. 3d 1154, 1165 (1988) (tender of

13  full debt is a prerequisite to enjoining a foreclosure).  Mere offers to tender are insufficient to

14  satisfy the tender requirement.  *See Stebley ,* 202 Cal. App. 4th at 526.

15         Here, even though plaintiff knows of her delinquency, she offers no evidence she tried to

16  pay the amounts reflected in the notices.  "Nothing short of the full amount due the creditor is

17  sufficient to constitute a valid tender, and the debtor must at his peril offer the full amount."

18  *Rauer's Law etc. Co. v. S. Proctor Co.*, 40 Cal. App. 524, 525 (1919).  Because plaintiff has not

19  tendered the indebtedness, she cannot obtain injunctive relief.

20  **13.   CONCLUSION**

21         For the foregoing reasons, Wells Fargo respectfully requests an order dismissing the first

22  through ninth claims for relief without leave to amend, and dismissing the action with prejudice.

23                                      Respectfully submitted,

24  Dated:  January 21, 2014            ANGLIN, FLEWELLING, RASMUSSEN,
                                        CAMPBELL & TRYTTEN LLP
25

26                                      By:   /s/ E. Christine Hehir
                                              E. Christine Hehir
27                                            chehir@afrct.com
                                        Attorneys for Defendant
28                                      WELLS FARGO BANK, N.A.,

1

**CERTIFICATE OF SERVICE**

2

3       I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the City of Pasadena, California; my business address is Anglin, Flewelling,

4       Rasmussen, Campbell & Trytten LLP, 199 S. Los Robles Avenue, Suite 600, Pasadena, California  91101-2459.

5

6       On the date below, I served a copy of the foregoing document entitled:

7       **WELLS FARGO'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

8       on the interested parties in said case as follows:

9

10      ***Served Electronically Via the Court's CM/ECF System:***

11      ***Counsel for Plaintiff:***

12      Art Hoomiratana, Esq.

13      Law Offices of Art Hoomiratana
        750 E. Green Street, Suite 333

14      Pasadena, CA 91101
        Tel: (888) 688-4770

15      Fax: (888) 848-4570
        *litigationsupport@realestatelaw.org*

16

17

18      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.  This declaration is executed in

19      Pasadena, California on January 21, 2014.

20

21      Christine Daniel                                */s/ Christine Daniel*

22      (Type or Print Name)                        (Signature of Declarant)

23

24

25

26

27

28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP