IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

PATRICIA SUN,

    Plaintiff,

v.

WELLS FARGO BANK, NATIONAL ASSOCIATION; and DOES 1–100, inclusive,

    Defendants.

No. C 14-00063 WHA

**ORDER GRANTING MOTION TO DISMISS AND VACATING HEARING AND CASE MANAGEMENT CONFERENCE**

## INTRODUCTION

In this foreclosure action, defendants move to dismiss the complaint for failure to state a claim pursuant to Rule 12(b)(6) and preemption. To the extent stated below, defendants' motion is **GRANTED**. The hearing and case management conference set for April 3, 2014, is hereby **VACATED**.

## STATEMENT

The following allegations are assumed to be true for the purposes of defendants' motion to dismiss. The complaint alleges that plaintiff purchased her home in 1969 and re-financed in 2007 with World Savings Bank, FSB, the predecessor of Wells Fargo Bank, N.A. Plaintiff allegedly made monthly mortgage payments on time for more than forty years, until hardship overwhelmed her ability to make regular payments on or about July 2011 (Compl. ¶¶ 26, 27, 29).

The complaint alleges that plaintiff had a lecturing and consulting business that she ran out of her home. In June 2008, the house was almost completely destroyed by a fire. As a result, plaintiff's consulting business was severely affected and the substantial loss of income allegedly caused her to stop making payments. The complaint alleges that plaintiff immediately contacted Wells Fargo and requested mortgage assistance but to no avail. In December 2010, plaintiff reportedly took a loan to pay off arrears and catch up on mortgage payments (*id.* at ¶ 29).

The complaint alleges that plaintiff continued to struggle to make her mortgage payments due to the fact that the house was only partially insured and it took more than two years to settle the claim. At 72 years old, plaintiff's only source of steady income has been social security. Plaintiff allegedly submitted a request for mortgage assistance to Wells Fargo. The complaint alleges that on December 18, 2012, while plaintiff awaited a response, Wells Fargo recorded a notice of default. Subsequently, while still under review, Wells Fargo recorded a notice of trustee's sale on March 21, 2013 (*id.* at ¶ 30).

The complaint alleges that over the last three years, Wells Fargo has not contacted plaintiff with foreclosure options as required by the Home Affordable Modification Program guidelines and California foreclosure statutes, most notably, the Homeowner Bill of Rights, California Civil Code Sections 2923.5, 2923.6, and 2923.7 (*id.* at ¶ 31).

Wells Fargo allegedly scheduled a trustee's sale for December 5, 2013. The complaint alleges that plaintiff's consulting business has increased, her hardship is over, she can easily make a modified payment with her present income, and that Wells Fargo's refusal to approve plaintiff for a modification is bad faith conduct (*ibid.*).

Plaintiff filed this action in Alameda County Superior Court on December 5, 2013, alleging: (1) breach of contract; (2) constructive fraud; (3) promissory estoppel; (4) negligence; (5) negligent misrepresentation; (6) violation of California's Unfair Competition Law ("UCL"), Section 17200 of the California Business and Professions Code; and (7–9) violations of Sections 2923.5, 2923.6, and 2923.7 of the California Civil Code.

In January 2014, defendants removed the action on the basis of federal-question jurisdiction and diversity. Defendants moved to dismiss the action for failure to state a claim and

preemption. This case was reassigned to the undersigned judge in February 2014 after plaintiff declined to proceed before a magistrate judge and two district judges recused themselves.

**ANALYSIS**

**1.  DEFENDANTS' MOTION TO DISMISS.**

To survive a motion to dismiss for failure to state a claim, a pleading must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). In ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), courts "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).

**A.  Breach of Third-Party Contract.**

Plaintiff alleges that she is a third-party beneficiary to the "contract that Wells Fargo made with the U.S. Department of Treasury . . ." and that "Wells Fargo unjustifiably and inexcusably breached the Contracts (SPA and HAMP) by failing to perform their obligations thereunder . . . ." (Compl. ¶ 36).

For a third party to be able to recover on a contract, it must be able to show that the contract was made with the "express or implied intention of the parties to the contract to benefit the third party." *Klamath v. Patterson*, 204 F.3d 1206, 1210 (9th Cir. 1999). While our court of appeals has not yet addressed this question, courts in this district have held that a borrower does not have standing as an intended third-party beneficiary to sue its lender for violation of the lender's HAMP agreement with the United States. *Wright v. Bank of Am., N.A.*, No. 10-1723, 2010 U.S. Dist. LEXIS 73807, at 9–15 (N.D. Cal. July 22, 2010) (Judge Jeremy Fogel); *Flores v. Wells Fargo Bank, N.A.*, No. 11-6619, 2012 U.S. Dist. LEXIS 88418, at *12–13 (N.D. Cal. June 26, 2012) (Magistrate Judge Jacqueline Scott Corley); *Kennedy v. Bank of Am., N.A.*, No. 12-952, 2012 U.S. Dist. LEXIS 93943, at *14–15 (N.D. Cal. July 6, 2012) (Judge Yvonne Gonzales Rogers), *Hoffman v. Bank of Am., N.A.*, 2010 U.S. Dist. LEXIS 70455, at *8–9 (N.D. Cal. June 30, 2010) (Judge Susan Illston) (summarizing cases). Agreeing with these decisions, plaintiff's breach of contract claim is **DISMISSED**.

### B. Preemption.

Defendants argue that a number of plaintiff's claims for relief are preempted by the Homeowners Loan Act of 1933 ("HOLA"), 12 U.S.C. 1461, and its implementing regulations. Federal savings banks are subject to HOLA and regulated by the Office of Thrift Supervision ("OTS"). *Silvas v. E\*Trade Mortg. Corp.*, 514 F.3d 1001, 1005 (9th Cir. 2008). While Wells Fargo is not a federally-chartered institution, original lender as indicated on the deed of trust was World Savings Bank, FSB, and "its successors and/or assignees" (RJN Exh. B). World Savings Bank was a federally-chartered institution under HOLA (*ibid.*). While our court of appeals has not yet reached this issue, courts in this district have held that a successor entity may properly assert HOLA preemption even if the successor entity is not a federally-chartered savings bank. *See, e.g.*, *Meyer v. Wells Fargo Bank, N.A.*, No. 13-3727, 2013 U.S. Dist. LEXIS 172418, at \*9 (N.D. Cal. Dec. 6, 2013) (Judge William Alsup) (summarizing cases). Thus, defendants may assert HOLA preemption.

Regulations of the Office of Thrift Supervision enumerate certain types of state laws that are preempted, including "state laws purporting to impose requirements regarding . . . processing, origination, servicing sale or purchase of, or investment or participation in, mortgages." 12 C.F.R. 560.2(b)(10). If the state law is one of the enumerated types, "the analysis will end there; the law is preempted." *Silvas*, 514 F.3d at 1005. If it is not, then the court is to determine "whether the law affects lending." *Ibid*. (internal quotation marks omitted).

This does not mean, however, that HOLA completely preempts all state laws that might have some effect on federal savings banks. Section 560.2(c) includes a savings clause that lists specific types of state laws, including contract and tort, which are not subject to preemption "to the extent that they only incidentally affect the lending operations of Federal savings associations." Thus, certain claims of express deception and breach of contract may survive preemption under HOLA. *See Martinez v. Wells Fargo Home Mortg., Inc.*, 598 F.3d 549, 555–57 (9th Cir. 2010). Previous orders by the undersigned judge have held that HOLA may not preempt claims involving state laws that only incidentally affected lending operations, such as

4

"state-law contract claims [which] . . . challeng[e] [a] defendant's general conduct of stalling, avoiding . . . requests and refusing to accept payments, [and] not the substance of its lending practices such as terms of credit, disclosures, or advertising[,]" *Avila v. Wells Fargo Bank*, No. 12-1237, 2012 U.S. Dist. LEXIS 100522, at *31–32 (N.D. Cal. July 19, 2012), or claims involving "laws against fraud and unfair business practices [which] apply broadly to all businesses and their practices," *Rodriguez v. U.S. Bank Nat'l Ass'n*, No. 12-0989, 2012 U.S. Dist. LEXIS 77228, at *21–22 (N.D. Cal. June 4, 2012).

Plaintiff admits in her complaint and opposition to defendants' motion to dismiss that Sections 2923.5, 2923.6 and 2923.7 of the California Civil Code all impose new statutory requirements upon lenders (Compl. ¶¶ 49, 55, 56, 61; Opp. at 9–11). These claims all fall clearly within the ambit of Section 560.2(b)(10) concerning the processing and servicing of mortgages and are therefore preempted by HOLA. *See Capodiece v. Wells Fargo Bank*, No. 13-32, 2013 U.S. Dist. LEXIS 67174, at *11–12 (N.D. Cal. May 10, 2013). Thus, plaintiff's claims under Sections 2923.5, 2923.6 and 2923.7 of the California Civil Code are **DISMISSED**.

On the other hand, plaintiff's claims for constructive fraud, promissory estoppel, negligence, negligent misrepresentation, and violations of California's UCL are not preempted by HOLA because "the only 'requirement' they impose on federal savings banks is that they be held responsible for the statements they make to their borrowers. Plaintiff's UCL claim is based in part on violations of Section 2923 of the California Civil Code. As the statute would impose additional requirements on defendant in the mortgage process, the UCL claim is dismissed as preempted to the extent that it depends on those statutes. *See Giordano v. Wachovia Mortg., FSB*, No. 10-04661, 2010 WL 5148428, at *4 (N.D. Cal. Dec. 14, 2010) (Judge Jeremy Fogel). If these causes of action were preempted, federal savings associations would be free to lie to their customers with impunity." *Rumbaua v. Wells Fargo Bank, N.A.*, No. 11-1198, 2011 U.S. Dist. LEXIS 95533, at *20 (N.D. Cal. August 25, 2011) (Judge Samuel Conti). Moreover, HOLA explicitly does not preempt claims based in contract law, tort law, or that have "only an incidental effect on lending operations . . . ." 12 C.F.R. 560.2(c).

5

1    Here, plaintiff alleges that Wells Fargo falsely represented that it would review plaintiff's
2 application for a loan modification and that no foreclosure would occur until it completed its
3 review (Compl. ¶¶ 45, 67, 70, 76, 82). Thus, insofar as plaintiff's claims rely on the general duty
4 not to misrepresent material facts when doing business with borrowers or any other persons, they
5 are not preempted by HOLA. This order now addresses the substance of plaintiff's claims for
6 constructive fraud, negligent misrepresentation, and negligence.

**C.    Constructive Fraud, Negligent Misrepresentation, and Negligence.**

8    Defendants argue that plaintiff's claims for constructive fraud, negligent
9 misrepresentation, and negligence fail because plaintiff has not established the existence of a
10 fiduciary relationship or a confidential relationship between them as required by California law.
11 "[A]s a general rule, a financial institution owes no duty of care to a borrower when the
12 institution's involvement in the loan transaction does not exceed the scope of its conventional
13 role as a mere lender of money . . . . Liability to a borrower for negligence arises only when the
14 lender actively participates in the financed enterprise beyond the domain of the usual money
15 lender." *Nymark v. Heart Fed. Savings & Loan Assn.*, 231 Cal. App. 3d 1089, 1096 (1991)
16 (citations and quotation marks omitted). This order agrees. While the undersigned judge has
17 found that a financial institution actively participates in the financed enterprise beyond the
18 domain of the usual money lender when it offers borrowers a loan modification and a trial period
19 plan, such is not the case here. *See Ansanelli v. JP Morgan Chase Bank, N.A.*, 10-03892, 2011
20 U.S. Dist. LEXIS 32350, at *11 (N.D. Cal. Mar. 28, 2011); *Avila v. Wells Fargo Bank*, No. 12-
21 1237, 2012 U.S. Dist. LEXIS 100522, at *35–37 (N.D. Cal. July 19, 2012). Unlike the
22 defendants in *Ansanelli* and *Avila*, defendants have not yet offered plaintiff a loan modification.
23 More importantly, defendants are not alleged to have engaged in a trial period plan that might
24 suggest active participation in the financed enterprise beyond the role of a usual money lender.
25    The vast majority of courts in this district have found that merely *engaging* in the loan
26 modification process is a traditional money lending activity. *See, e.g.*, *Meyer v. Wells Fargo*
27 *Bank, N.A.*, No. 13-3727, 2013 U.S. Dist. LEXIS 172418, at *14–15 (N.D. Cal. Dec. 6, 2013)
28 (Judge William Alsup) (summarizing cases). So too here. Thus, plaintiff has failed to show that

6

defendants have a fiduciary duty to her. Plaintiff's claims for constructive fraud, negligent misrepresentation, and negligence are **DISMISSED**.

### D. Promissory Estoppel.

Plaintiff's promissory estoppel claim is based on the alleged promise that a modification would be forthcoming (Compl. ¶ 67). She allegedly relied on defendants' promise in not "seeking remedies elsewhere [or] offering obstacles to foreclosure" (*ibid.*). A claim for promissory estoppel requires: (1) a clear and unambiguous promise; (2) reliance by the party to whom the promise was made; (3) that the reliance be reasonable and foreseeable; and (4) injury caused by the reliance. *See Laks v. Coast Fed. Sav. & Loan Ass'n*, 60 Cal. App. 3d 885, 890 (1976).

Here, plaintiff has failed to allege the required elements of a claim for promissory estoppel. She fails to allege a clear and unambiguous promise. Furthermore, she fails to state what she did in reliance of this promise and how she was harmed by the reliance. Thus, plaintiff's promissory estoppel claim is **DISMISSED**.

### E. Section 17200 of the Business and Professions Code.

A violation of another law is a predicate for stating a claim for relief under California's UCL. *Berryman v. Merit Prop. Mgmt., Inc.*, 152 Cal. App. 4th 1544, 1554 (1999). Plaintiff acknowledges that her UCL claim "stands or falls depending on the face of antecedent substantive causes of action" (Compl. ¶ 80). As all of plaintiff's other claims for relief have been dismissed, plaintiff's UCL claim has no legs on which to stand and is therefore **DISMISSED**.

### 2. DEFENDANTS' UNOPPOSED MOTION FOR JUDICIAL NOTICE.

Defendants request judicial notice of Exhibits A–P. Defendants failed to attach Exhibits L–P and, therefore, they will not be noticed. This order only relies on Exhibit B, the deed of trust. FRE 201 provides, "[a] judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." The deed of trust that defendant seeks to judicially notice is part of the public record and therefore easily verifiable. Judicial notice of Exhibit B is **GRANTED**.

Since the order does not rely on Exhibits A and C–K, defendants' request for judicial notice of these exhibits is **DENIED AS MOOT**.

**CONCLUSION**

To the extent stated above, defendants' motion to dismiss is **GRANTED**. Plaintiff will have until **APRIL 15, 2014, AT NOON,** to file a motion, noticed on the normal 35-day calendar, for leave to amend her claims for constructive fraud, negligent misrepresentation, negligence, promissory estoppel, and violation of California's UCL. A proposed amended complaint must be appended to this motion. Plaintiff must plead her best case. The motion should clearly explain how the amended complaint cures the deficiencies identified herein, and should include as an exhibit a redlined or highlighted version identifying all changes. If such motion is not filed by the deadline, this case will be closed. The hearing set for April 3, 2014, is hereby **VACATED**. The case management conference scheduled for the same day is hereby **VACATED**. If plaintiff files a motion seeking leave to file an amended complaint, the Court will re-schedule the case management conference.

**IT IS SO ORDERED.**

Dated: March 25, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE