IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

PATRICIA SUN,

    Plaintiff,

v.

WELLS FARGO BANK, NATIONAL ASSOCIATION,

    Defendant.

No. C 14-00063 WHA

**ORDER DENYING MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**

## INTRODUCTION

In this foreclosure action, plaintiff moves for leave to file a first amended complaint. For the reasons stated below, plaintiff's motion is **DENIED**.

## STATEMENT

The background has been set forth in the March 25 order (Dkt. No. 29). In brief, plaintiff commenced this foreclosure action in state court. Following removal, defendant moved to dismiss the action for failure to state a claim pursuant to Rule 12(b)(6) and preemption. A March 25 order granted this motion. Plaintiff was invited to seek leave to amend her claims for constructive fraud, negligent misrepresentation, negligence, promissory estoppel, and violation of California's Unfair Competition Law.

Plaintiff now moves for leave to file a first amended complaint pursuant to the March 25 order. Defendant opposes the motion, arguing that allowing amendment would be futile. The

1   proposed amended complaint alleges four claims for relief: (1) constructive fraud; (2)
2   promissory estoppel; (3) negligence; (4) negligent misrepresentation.

3         This order notes that plaintiff's proposed amended complaint is deficient. No redlined
4   version is appended as required by the March 25 order. Plaintiff — who is not proceeding pro
5   se, but is represented by counsel — also ignored the March 25 order by failing to explain how
6   the proposed amended complaint cures the deficiencies identified in the previous order.

**ANALYSIS**

8         Under Rule 15, leave to amend should be freely given when justice so requires. The
9   underlying purpose of Rule 15 is to facilitate decisions on the merits, rather than on the
10  pleadings or technicalities. *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). A
11  principal limiting factor to the liberal amendment standard is that "[l]eave to amend need not be
12  granted when an amendment would be futile." *In re Vantive Corp. Sec. Litig.*, 283 F.3d 1079,
13  1097 (9th Cir. 2002).

14        Plaintiff's proposed amended complaint fails to successfully plead sufficient facts to
15  establish a duty of care or detrimental reliance. None of her claims for relief would survive a
16  motion to dismiss; therefore, plaintiff's amendment is futile and is **DENIED**.

17      **1.**    **CONSTRUCTIVE FRAUD, NEGLIGENCE, NEGLIGENT MISREPRESENTATION.**

18        As discussed in the March 25 order, the validity of plaintiff's claims for constructive
19  fraud, negligence, and negligent misrepresentation rest on establishing the existence of a
20  fiduciary relationship or a confidential relationship between defendant and plaintiff.

21  *Nymark v. Heart Fed. Savings & Loan Ass'n.*, 231 Cal. App. 3d 1089, 1096 (1991)
22  (citations omitted) held:

> [A]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money . . . . Liability to a borrower for negligence arises only when the lender actively participates in the financial enterprise beyond the domain of the usual money lender.

27  The undersigned judge has previously held that merely *engaging* in the loan modification
28  process is a traditional money lending activity. *See, e.g.*, *Meyer v. Wells Fargo Bank, N.A.*, No.

2

13-3727-WHA, 2013 U.S. Dist. LEXIS 172418, at *14–15 (N.D. Cal. Dec. 6, 2013) (summarizing cases).

This order holds that defendant took no action toward plaintiff that was outside of a traditional money lending activity. Defendant has not yet offered plaintiff a loan modification. More importantly, defendant is not alleged to have engaged in a trial period plan that might suggest active participation in the financed enterprise beyond the role of a usual money lender. *Ibid.*

The proposed amended complaint fails to show that defendant has a fiduciary duty to plaintiff. Rather, the proposed complaint asserts conclusory allegations that defendant was under a duty to plaintiff. Amendment would be futile given plaintiff's failure to establish the existence of a fiduciary relationship or a confidential relationship between the parties. Accordingly, plaintiff's motion for leave to amend her claims for constructive fraud, negligence, and negligent misrepresentation is **DENIED**.

### 2. PROMISSORY ESTOPPEL.

A claim for promissory estoppel requires: (1) a clear and unambiguous promise; (2) reliance by the party to whom the promise was made; (3) that the reliance be reasonable and foreseeable; and (4) injury caused by the reliance. *See Laks v. Coast Fed. Sav. & Loan Ass'n*, 60 Cal. App. 3d 885, 890 (1976).

The March 25 order held that "plaintiff has failed to allege the required elements of a claim for promissory estoppel." The defect was due, in part, to a failure to allege a clear and unambiguous promise, what plaintiff did in reliance of this promise, and how plaintiff was harmed by the reliance. The proposed amended complaint fails to adequately plead reliance.

The proposed complaint alleges that:

> [c]ertain employees at Wells Fargo promised assistance would be provided and requested that Plaintiff submit another application for a loan modification. For the next year, Wells Fargo promised no foreclosure would occur until they completed their review of Plaintiff's application and submitted financial documentation. The Wells Fargo employees that Plaintiff spoke to always promised that a Temporary Period Plan was being calculated and 'not to worry about any foreclosure process.'

3

The proposed amendment would adequately plead the fact of promises and representations by defendant but fails to adequately plead reliance therein. Notably absent is a statement that plaintiff would have made her loan payments in the absence of defendant's promises. The closest plaintiff comes in pleading reliance is her allegation that she "relied upon the word and representations of the Defendant and, therefore, did not consider her other options such as sale or short sale of the property or exercising her rights under Title 11" of the United States Code (Proposed Amd. Compl. ¶ 32, 42). This is deficient because it is too conclusory and no details are given. For example, no details are given with respect to a short sale and whether it was feasible. Nor does plaintiff state what bankruptcy options were available to her and how this would have assisted her in defeating defendant's secured position. Accordingly, plaintiff's motion for leave to amend her claim for promissory estoppel is **DENIED**.

### 3. SECTION 17200 OF THE BUSINESS AND PROFESSIONS CODE.

Plaintiff identifies a claim under California's Unfair Competition Law in the caption of her proposed amended complaint, however, no UCL claim is alleged in the body of her proposed complaint. As plaintiff has not successfully pled any other claim for relief, her UCL claim has no legs on which to stand.

### 4. JUDICIAL NOTICE.

Defendant requests judicial notice of the pertinent mortgage note, deed of trust, and notice of default and election to sell under deed of trust. Since the order does not rely on these exhibits, defendant's request for judicial notice of these exhibits is **DENIED AS MOOT**.

**CONCLUSION**

Plaintiff has shown that she is again unable to allege sufficient facts to give rise to plausible claims for constructive fraud, negligence, negligent misrepresentation, and promissory estoppel. The proposed amendments to her complaint would not enable it to survive a motion to dismiss, and therefore are futile. For the reasons stated above, plaintiff's motion for leave to file an amended complaint is **DENIED**. No further efforts at pleading will be allowed. This case is now over at the district court level. Please pay attention to the appeal deadlines.

**IT IS SO ORDERED.**

Dated:  May 22, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

5